**UNITED STATES of America**

v.

**Wendell McINTOSH, Appellant.**

**No. 22538.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 11, 1969.

Decided March 11, 1970.

Mr. Worth Rowley, Washington, D. C. (appointed by this court), for appellant.

Mr. Edwin K. Hall, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Daniel Harris, Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and TAMM and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

Appellant was convicted of mail theft of a cardboard box at the Union Station. Evidence at his trial showed that Post Office personnel saw him leaving a mail area near the passenger gates at Union Station carrying a mailed card-

board box. When a postal supervisor asked him about the box he was carrying, appellant said that it was his, but later when it became apparent from examination that it was not, the appellant claimed that he had had a parcel of the same size and shape but that he must have picked up the wrong parcel. At trial appellant also claimed that he had a similar cardboard box that he had set down at the Union Station; but such box was never produced nor was there any corroborative evidence that such box ever existed. Appellant's attempted explanation as to his reason for being at the station revolved around the claim that he was there to meet friends he expected to arrive on an incoming train. These "friends" were never otherwise identified or produced.

Before trial there was a motion to suppress hearing after which the trial judge conducted a *Luck*[1] type hearing at which it was brought out that appellant had been convicted of larceny after trust in 1955 and three violations of the Harrison Narcotics Act in 1961. Because of the natural objections to these convictions (remoteness and propensity to crime), the trial judge then considered conducting a hearing to determine whether the appellant had led a legally blameless life since 1955 but appellant's counsel refused this offer saying, "I can't say that." The judge then said:

> "I don't believe in weighing down the record with evidence of prior criminal convictions because that too much

leads a jury to the possible conclusion that the man has a propensity for crime rather than simply having the opportunity of considering it in connection with their evaluation of his credibility. I will permit you to introduce or to question him about one of these convictions. Now, which one would you prefer to use, the recent one in the narcotics area? Or larceny after trust?"

The prosecution chose and used the narcotics conviction because it was the most recent conviction.

At trial there was no objection to use of the prior conviction but now on appeal appellant argues that a Harrison Narcotics Act conviction is a hideous crime which does not bear directly on credibility and, therefore, it was reversible error for the court to allow the Government to use it for impeachment purposes in a case where he is the only defense witness. We disagree.

This court has held that narcotics convictions do bear weight on the issue of credibility.[2] Consequently, in a *Luck* situation, if the judge determines that one of a number of a defendant's prior convictions is to be introduced for impeachment purposes, it is not error *per se* to allow impeachment by a narcotics conviction pursuant to D.C.Code § 14–305 (1967).[3] We disagree with the appellant's contention that a narcotics conviction is such a hideous crime that its introduction at trial automatically becomes so prejudicial that a defendant

---

1. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

2. Brooke v. United States, 128 U.S.App. D.C. 19, 385 F.2d 279 (1967); Evans v. United States, 130 U.S.App.D.C. 114, 397 F.2d 675 (1968). *Brooke* was a narcotics case and hence the court's decision permitting use of a prior narcotics conviction for impeachment purposes, over the objection that it would prejudice the defendant by showing a propensity for the particular crime with which he was charged, must be viewed as a strong holding by this court that narcotics convictions go to credibility.

3. "A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime. The fact of conviction may be given in evidence to affect his credibility as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him is not bound by his answers as to such matters. To prove the conviction of crime the certificate, under seal, of the clerk of the court wherein proceedings containing the conviction were had, stating the fact of the conviction and for what cause, is sufficient." D.C.Code § 14–305.

is thereby denied his right to a fair trial. Indeed, one might argue that a narcotics conviction is not near so damaging in a mail theft trial as a larceny after trust conviction would be. This may very well have been the reason the defense did not object at trial. In any event it would not be in the interest of justice to allow one with prior convictions to assume the role of pure integrity on the stand simply because he is his only witness or because his prior crimes were serious crimes. We should not forget in our reading of *Luck* that D.C. Code § 14–305 does specifically authorize the use of a prior conviction to affect one's credibility as a witness.

 The trial judge did err when he allowed the prosecution to select the conviction he was going to use. The question of which conviction to allow for impeachment purposes is under *Luck, supra,* a matter for the trial judge's discretion and a failure to exercise that discretion constitutes an abuse thereof. A reading of the record as a whole however indicates that the trial judge weighed the relevant factors (*i. e.,* remoteness, relative bearing on credibility, propensity to crime, etc.) and decided that the two forms of convictions weighed equally. Nevertheless, it was error for the trial judge not to make the decision himself but we do not find that this error constitutes reversible error in this instance. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a). In this case, the use of a more recent narcotics conviction, as opposed to the more remote larceny after trust conviction that carried the inference of propensity to commit the charged crime, did not affect any substantial rights of the appellant.

 The appellant also argues that the prosecutor, in his closing statement to the jury, and the trial judge, in his instructions to the jury, made reference to the narcotics conviction and that these references inflamed the jury to the prejudice of the defendant. We do not agree. The prosecutor's interrogation, his argument to the jury and the court's instruction on the prior conviction were carefully stated so that it was quite clear that the jury was to consider the prior offense solely on the issue of the credibility of the witness.[4]

 Appellant's brief also takes exception to the prosecutor's statement that narcotics addicts are notorious liars. Suffice it to say that this statement was not made within the hearing of the jury, and the reference thereto did not reflect the opinion of the prosecutor. He was merely calling the court's attention out of the hearing of the jury to an argument made in Perry v. United States, 118 U.S.App.D.C. 360, 336 F.2d 748 (1964), that dealt with addicts.

Affirmed.

BAZELON, Chief Judge (dissenting):

An amplification of the facts will be helpful to clarify my point of disagree-

---

4. The prosecutor interrogated the witness as follows:
"Q Mr. McIntosh, weren't you convicted on May 25, 1961, of a Harrison Narcotics Act violation?
"A I have, sir."
The prosecutor argued to the jury:
"I might mention something, I asked him if he had been convicted of a narcotics violation in 1961. There is only one reason I asked him that. It has a bearing on his credibility. It is not to be considered by you as to whether or not he is guilty of this offense. That comes from the evidence the Government permitted—the Court has permitted the Government to introduce. That narcotic conviction only had to do [with] whether or not he is telling the truth, and that is all. I am sure the Court will instruct you that which you are to consider."
The court charged the jury as follows:
"The defendant's prior criminal record is admitted into evidence solely for your consideration in evaluating the credibility of the defendant as a witness. It is not evidence of the defendant's guilt of the offense with which he is on trial. You must not draw any inference of guilt against the defendant from his prior con-

ment with the majority. When defense counsel raised the *Luck* point,[1] the trial court inquired whether the prosecuting attorney had "any cases involving dishonesty, larceny, perjuries, Title 18, Section 1001, anything like that?" Informed of the appellant's drug record, the court replied, "I am not too much concerned about narcotics violations," and observed that Brooke v. United States[2] was the "only case I know off-hand in which the Court of Appeals has ruled it was not error for the Government * * * to question a defendant about a narcotics conviction."[3] But the court correctly distinguished *Brooke* from the present case, in that "there was somebody else there to tell Brooke's story" to the jury, while McIntosh was the only defense witness in the instant trial. Although the Government argued at length for admission of the narcotics violation, the court clearly indicated a reluctance to admit that conviction[4] and asked the prosecutor whether there was "anything else besides [the] narcotics conviction." The prosecutor cited appellant's 1955 conviction for larceny after trust, to which defense counsel objected as being "fairly old." The court inquired whether appellant's life had been "legally blameless" since 1955, and the defense counsel, in light of the narcotics violation, admitted that it had not.

At this point, the trial judge announced to the prosecutor:

I don't believe in weighing down the record with evidence of prior criminal convictions because that too much leads a jury to the possible conclusion that the man has a propensity for crime rather than simply having the opportunity of considering it in connection with their evaluation of his credibility. I will permit you to introduce or to question him about one of these convictions. Now, which one would you prefer to use, the recent one in the narcotics area? Or the larceny after trust?

The Assistant United States Attorney "elect[ed] to use" the narcotics conviction.

The task facing the court below was not an easy one. It was presented with two prior convictions, both of which were low in probative value and high in potential prejudice.[5] The fact that the court commendably sought to avoid "weighing down the record with evidence of prior criminal convictions," did not alter the need for an initial consideration whether either of the convictions involved conduct having a "bearing on *veracity*."[6] It is not enough simply to apply a rule of thumb which admits into evidence half or a third of the defendant's previous convictions. All convictions relate to the defendant's *credibility*, in the sense that jurors will give less credence to testimony by a man with a criminal past. But *Luck* and

viction. You may consider it only in connection with your evaluation of the credence to be given his testimony in this case."

Court's ruling," to which the court replied in good humor, "I assume * * * you would accept my ruling. You have no other alternative."

1. 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

2. 128 U.S.App.D.C. 19, 385 F.2d 279 (1967).

3. Because it was the prosecutor who in the end made the decision to allow the narcotics violation to be used to impeach McIntosh, it is worth noting that he admitted to the trial court that, "I have no other case [besides *Brooke*] on that score."

4. The prosecutor, in fact, erroneously believed that the court had ruled against him and stated that, "I will accept the

5. Any probative value in the 1955 larceny after trust conviction was greatly reduced by its age (thirteen years at the time of trial); its prejudicial potential lay in its similarity to the crime on trial. The problems with the 1961 narcotics violation are explored in the text.

6. Evans v. United States, 130 U.S.App. D.C. 114, 117, 397 F.2d 675, 678 (1968) (Burger, J.), quoting Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967) (Burger, J.) (emphasis added).

*Gordon* teach that the relevant determination for the trial court is the bearing each prior conviction has on veracity weighed "against the degree of prejudice which [its] revelation * * * would cause." [7] In this case, the trial court released this determination into the hands of the prosecutor, who—as might have been expected—chose the more inflammatory conviction.

It is axiomatic that judges—not prosecutors—must exercise the "considered judgment" needed for a *Luck* ruling: "*Judicial wisdom* * * * must be brought to bear upon the situation evolving at trial if the balance is to be appropriately struck." [8] I cannot agree that the relinquishment of discretion under *Luck* was harmless error. The bearing of appellant's 1961 narcotics conviction on his in-court veracity is certainly less than self-evident.[9] Contrarily, the prejudicial propensity of the conviction needs little elaboration; not only the offense itself, but the much publicized connection between narcotics use [10] and petty larceny, could surely have inflamed the jury against one accused of theft. For these reasons, this Court has never approved the general use of narcotics convictions for impeachment purposes under *Luck* and its progeny.[11] The introduction of appellant's prior conviction at the prosecutor's choosing thus appears to me to be plain error requiring reversal.[12]

---

7. Gordon v. United States, *supra* note 6 at 346, 383 F.2d at 939.

8. Brooke v. United States, *supra* note 2, 128 U.S.App.D.C. at 25, 385 F.2d at 285 (emphasis added).

9. The cases relied on by the United States, Perry v. United States, 118 U.S.App.D.C. 360, 336 F.2d 748 (1964) and Fletcher v. United States, 81 U.S.App.D.C. 306, 158 F.2d 321 (1946), involved the reliability of *addicts* (*see* note 10 *infra*) who were *informants* in narcotics investigations, not *defendants* in nonnarcotics cases.

10. There was no evidence that McIntosh was or had been an addict nor that the 1961 conviction involved possession for use rather than sale.

11. *Brooke* and *Evans* are inapposite. In *Brooke*, as the trial court in the present case noted, the testimony proffered by the defendant (who chose not to testify rather than to risk impeachment on the stand) was repetitive of another witness' testimony. In *Evans*, the *Luck* issue was not properly raised because the defendant had not "met his burden of demonstrating some affirmative reasons why the circumstances of his case were such as to make his testimony particularly necessary." 130 U.S.App.D.C. at 117, 397 F.2d at 678.

