Greenlee Ricado **TAYLOR**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5315.

District of Columbia Court of Appeals.

Argued June 28, 1971.

Decided Aug. 6, 1971.

Michael M. Kearney, appointed by this court, for appellant.

Guy H. Cunningham, III, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before PAIR, REILLY and YEAGLEY, Associate Judges.

REILLY, Associate Judge:

Appellant, one of two young men arrested by a special police officer at a Dart

3. Annot., 158 A.L.R. 1091 (1945).

4. Meakin v. Martin, D.C.App., 187 A.2d 326 (1963).

Drug Store and convicted after a jury trial of attempted petit larceny, urges this court to reverse the conviction on the ground that an improper ruling of the trial court intimidated him from taking the stand in his own defense. According to the testimony of the special officer, the only prosecution witness, he had observed appellant, his co-defendant, Darryl B. Young, along with a third youth, taking certain items of merchandise from shelves in the back of the store and placing them in a bag. When he approached them, the third man fled, and he seized the other two.

Both arrestees were charged with the same offense and tried together. Young, testifying in his own behalf, claimed to be the victim of circumstances. He said that he had entered the store alone, was unacquainted with either the missing man or appellant Taylor, and was merely looking over the counter at prices of goods, when he was suddenly arrested. The jury returned verdicts of guilty against both. Each was given a sentence of 270 days, the trial judge at the sentencing expressly taking into account that both defendants had previously been convicted of other crimes.

The particular ruling this court is asked to review was made during a bench conference at which all counsel were present. The prosecutor disclosed that he had information that appellant Taylor had a record of two prior convictions, one for larceny and one for housebreaking. Defense counsel volunteered that Taylor had also been convicted of unauthorized use of an automobile. The trial court, after a brief colloquy, informed counsel that if Taylor took the stand, the prosecution was entitled to impeach his credibility by referring either to the larceny or the housebreaking conviction. We are told that as a result of this ruling, Taylor decided not to testify.

After the verdict, but before sentence was imposed, further research brought to light the fact that co-defendant Young also had a record of three prior convictions. The prosecutor was seemingly unaware of this at the time of the bench conference. Thus it may be inferred that a motivating factor in Young's ultimate decision to take the stand was based upon an assumption that these convictions would not be used as a ground of impeachment. Such assumption was correct, for no reference was made to Young's prior convictions until after the jury reported its verdict.

One of appellant's objections to the ruling that made his prior convictions available for impeachment purposes had he taken the stand, is that the failure of the Government—even if inadvertent—to disclose to the trial judge that the record of the co-defendant was equally flawed, enabled the latter to testify without risk of such prejudicial material being drawn to the attention of the jury. Appellant contends that this disparity of treatment was tantamount to a denial of equal protection.

Granting that the prosecution's oversight gave the co-defendant Young something of a windfall, it is apparent that this did not affect the outcome of the trial. Had the jury, believing Young's version, acquitted him or had his testimony incriminated Taylor, the latter might have felt aggrieved by the situation which perhaps prompted Young to take the stand. But neither of these things occurred. The fate of both defendants on verdict and sentence was precisely the same. Accordingly appellant was not hurt by the failure to put his co-defendant on notice of the prospect of impeachment.

Appellant's principal contention, however, is that the court's ruling with respect to the proposed "use" of a prior conviction was contrary to D.C.Code 1967, § 14–305,[1] as construed by the United States

1. This section of the Code provides:
   A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of a crime. The fact of conviction may be given in evidence to affect his credibility

Court of Appeals for this jurisdiction. In 1965, a panel of that court in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), stated that the words "such fact [*i. e.,* the fact of having been previously convicted of crime] may be given in evidence to affect his credit as a witness"[2] vested trial judges with discretion to prevent prosecutors from impeaching the credibility of a defendant by showing that he had a criminal record. Prior to this opinion, as Judge Danaher pointed out in his dissent, the rule was that it was up to the cross-examining party, not the court, to decide whether the fact of a prior conviction would be used for impeachment. 348 F.2d 763 at 771.

In subsequent decisions, that court extended the *Luck* doctrine by holding that trial judges had an affirmative duty to exclude conviction records under certain circumstances. *See* Gordon v. United States, 127 U.S.App.D.C. 343, at 347, 383 F.2d 936, at 940 (1967); United States v. McCord, 137 U.S.App.D.C. 5, 420 F.2d 255 (1969); United States v. McIntosh, 138 U.S.App. D.C. 237, 426 F.2d 1231 (1970).

The thrust of these opinions was that trial judges (1) should usually admit evidence of only one conviction, (2) should exclude convictions for crimes not reflecting upon the veracity or honesty of the defendant, and (3) consider in a particular case whether it was more important for the jury to hear the defendant's testimony than to know of a prior conviction. Appellant urges that in this case the trial judge disregarded the third guideline.

The short answer to appellant's contention is that the *Luck* doctrine—including its extension and refinements—is no longer the law of this jurisdiction. In enacting the District of Columbia Court Reform and Criminal Procedure Act of 1970,[3] Congress revised D.C.Code 1967, § 14–305,[4] by adopting a recommendation of the Advisory Committee on Rules of Evidence to the Judicial Conference of the United States. Briefly summarized the revision eliminates the authority of the trial judge to limit or prohibit impeachment by a mandatory provision that the impeaching evidence "shall be admitted if offered", as the Advisory Committee and Congress found the *Luck* rule inconsistent with the practice in the states and a doctrine which "enables an accused to appear as a person whose character entitles him to credence when the facts is to the contrary".[5] The amendment also allows impeachment by any felony conviction, but limits impeachment by misdemeanors to crimes involving dishonesty or false statement.

The new amendment became effective on February 1, 1971 and we note that appellant was tried several months before such date. But even though we should accept his thesis that under one aspect of the then prevailing judicial rules of decision, the trial judge committed error,[6] the amended

as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him is not bound by his answers as to such matters. * * *

2. D.C.Code 1961, § 14–305. Changes in phraseology were later made, resulting in the version quoted, *supra* note 1, in the 1967 D.C.Code.

3. Act of July 29, 1970, Pub.L. No. 91–358, 84 Stat. 473.

4. For the full text of the revision, *see* D.C. Code 1967 (Supp. IV, 1971, at 276–277).

5. Preliminary Draft of Proposed Rules of Evidence for the United States District

Courts and Magistrates, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (March, 1969) P. 126; S.Rep.No.538, 91st Cong., 1st Sess. 4 (1969); H.R.Rep. No.907, 91st Cong., 2d Sess. 62–3 (1970).

6. Appellant relies particularly upon United States v. McIntosh, 138 U.S.App.D.C. 237, 426 F.2d 1231 (1970), where the trial judge was criticized for an "abdication of discretion" in allowing the prosecutor to use either one of two convictions. The court below in this case followed the same course. But in McIntosh this was deemed "harmless" error, and under the circumstances in this case, if there was any er-

statute clearly forbids our granting appellant the relief he seeks, *viz.,* a remand with instructions to exclude any record of a prior conviction. If the case were now sent back for a new trial, the court would be compelled not only to admit the record of one conviction, but records of all three, should these be proffered by the prosecution. Thus, in the event of an objection, the trial judge would be forced to make a ruling less favorable to the defense than his former one. *See* United States v. Baber, 145 U.S.App.D.C. ——, 447 F.2d 1267, No. 24, 289, decided July 19, 1971.

In oral argument, counsel for appellant cited a recent case,[7] indicating that the United States Court of Appeals for this circuit is still applying the *Luck* test in reviewing appeals from trials in the federal district court occurring *prior to the effective date* of the new amendment. Whether this is proper construction of the intervening Congressional amendment is a question which this case does not present. Cases subsequent to *Luck,* but prior to the enactment of the new statute, stand for the proposition that the burden is upon the defendant to present to the trial court sufficient reasons to withhold past convictions from the jury by allowing the defendant's unimpeached testimony, and an abuse of discretion should not be found on appeal where no showing of a peculiar need for the defendant's testimony was made at trial. Evans v. United States, 130 U.S. App.D.C. 114, 118, 397 F.2d 675, 679 (1968), cert. denied, 394 U.S. 907, 89 S.Ct. 1016, 22 L.Ed.2d 218 (1969); Gordon v. United States, 127 U.S.App.D.C. 343, 346, 383 F.2d 936, 939 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968); Hood v. United States, 125 U.S. App.D.C. 16, 365 F.2d 949 (1966).

At the bench conference at which the matter of showing a prior conviction was

ror at all, it was manifestly not reversible error.

7. United States v. Isaac, U.S.App.D.C., Nos. 22,713 and 23,089, decided June 2, 1971.

discussed, appellant's counsel referred only to the possibility of prejudice, not to any particular need of appellant's testimony. In United States v. Bailey, 138 U.S.App. D.C. 242, 426 F.2d 1236 (1970), conviction was affirmed, despite the argument that a preliminary ruling to permit impeachment for a prior conviction, as in this case, effectually discouraged a defendant from testifying. The court observed that the record failed to disclose any attempt to call the trial court's attention to the relative need for the jury to hear defendant's own version of the crucial events.

Affirmed.