The UNITED STATES of America, Plaintiff,

v.

Laferald BROWN, Defendant.

No. Cr. 75–182–E.

United States District Court, W. D. New York.

March 25, 1976.

---

James A. Fronk, Asst. U. S. Atty., Buffalo, N.Y., for the United States.

Thomas M. Dean, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Defendant stands indicted for having during 1975 distributed a quantity of heroin. The Government having indicated its intention to use a certain earlier conviction of this defendant should defendant take the witness stand on his own behalf, defendant has moved for a pre-trial ruling by me concerning such employment of the conviction. The latter occurred in 1969 and was for defendant's having in 1968 violated Section 220.20 of New York's Penal Law. Such section made illegal the knowing and unlawful possession of more than a specified amount of a narcotic drug. The crime thereby defined was a "class C felony" which was punishable by imprisonment for a term not exceeding fifteen years. (Penal Law, § 70.00)

The Government cites Rule 609 of the Federal Rules of Evidence as its entitlement to use this 1969 conviction for the purpose of attacking defendant's credibility. There is not any contention that the 1968 crime involved dishonesty or false statement so that the conviction may be used if I determine that its probative value re credibility outweighs its prejudicial effect to the defendant. (It is noted that the former need not "substantially" outweigh the latter inasmuch as fewer than ten years have elapsed since its date.)

Rule 609 has yet to be authoritatively interpreted but its terms clearly bestow discretion upon the Federal trial judge in the weighing of the probity and

prejudice. Resort to its legislative history is unneeded and, indeed, should be avoided lest it lead a jurist into some misappraisals of the purposes of the rule. Thus, the learned court in *United States v. Jackson,* 405 F.Supp. 938 (E.D.N.Y., 1975), concluded that Rule 609's goals were the encouraging of defendants to testify by protecting them from unfair prejudice and the prevention of a defendant's taking unfair advantage of the prosecution by appearing to the jury as a witness unblemished by crime. (*Id.,* at 942.) That court then was persuaded to act legislatively and justified the result by the encouragement announced in Rule 102 of the Federal Rules of Evidence to construe the rules so as to promote growth and development of the law of evidence. The clear import of Rule 609(a) is that a trier of facts ought to have the knowledge of a witness's criminal background as an aid in determining the credibility of the witness so long as the benefit of such knowledge is found to outweigh any prejudice to the defendant. Prior criminality of any kind has some pertinency to the issue of credibility. Assaultive conduct may have "little bearing on the likelihood that one will tell the truth" (*United States v. Jackson, supra,* at 942) but it has *some* pertinency. "The fact that [a witness] has sinned in the past implies that he is more likely to give false testimony than other witnesses." *United States v. Harding,* 525 F.2d 84, 89 (7th Cir., 1975). I agree that an alleged bank robber should be able to testify without the jury's knowing that he earlier had been convicted of felonious assault and, if he or his attorney sought to convey to the jury any idea that he had not suffered any such conviction, there would be no question but that the prosecution would then be free to prove and argue to the contrary. (The same freedom on the part of the prosecution would be present if the defendant testified but then separately adduced evidence in support of his credibility.) This may or may not be a "condition" but it, to my consideration, automatically is a concomitant of the suppression of any evidence. Unless the type of prior crime has no relevancy to credibility, there should not be any barring of the use of a conviction therefor to impeach the credibility of witnesses other than the defendant, absent inherent prejudice *to the defendant.* If the type of prior crime has no such relevancy, proof thereof should be barred as to *all* witnesses.

I consider the considerations set forth in *United States v. Jackson* to be astray in a further regard, that being the methodology for determining the quantum of prejudice to the defendant. It is there noted that a judge would normally be in a better position to gauge prejudice during trial and after he had seen all of the Government's proof. The court in *Jackson* noted that much of such was known from the pretrial conferences. *Jackson* was said to be a case wherein the Government had substantial proof against the defendant and was not one in which the outcome was going to depend upon a one-on-one testimony with credibility being the big factor. The court implied that, if it were the latter, he would tend to admit the evidence of the earlier criminal conviction.

■ I consider this analysis of the quantum of prejudice erroneous. The reverse should be true. If the Government has a good case against a defendant, the admission of evidence of earlier convictions would tend to be "harmless error" and consequently non-prejudicial. If, on the other hand, the case were going to be determined quite substantially on the credibility of the defendant-witness, admissions of earlier convictions would be highly prejudicial. In *Jackson* the court is saying that, with substantial evidence on its side of the case, *the Government* is not going to be detrimented by having this piece of evidence kept out of the case. This seems not at all the criterion of which Rule 609(a) speaks.

■ Decisions antedating the effective date of the Federal Rules of Evidence do give guidance concerning the boundaries

of a trial court's exercise of discretion in this area of the law. When, as in this instance, the prior crime parallels that for which the defendant-witness is being tried, the quantum of prejudice to the defendant is magnified and, when the prior crime embodies falsification or fraud or stealing (not the situation now presented), it has great probity concerning credibility. The Second Circuit Court of Appeals has spoken twice recently in situations akin to that now before me. *United States v. Puco,* 453 F.2d 539 (2d Cir., 1971), and *United States v. DeAngelis,* 490 F.2d 1004 (2d Cir., 1974), cert. den., 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 306 (1974). Both involved trials on narcotics charges. In *Puco,* the prior conviction was 21 years earlier and for a narcotics violation; in *DeAngelis,* it was seven years earlier and for transporting untaxed cigarettes. In each case the trial court had permitted the proof of the earlier conviction. The *Puco* conviction was set aside; *DeAngelis* was not. In *Puco* the court stated (pp. 542–4):

"Analysis of Puco's prior conviction satisfies us that it 'negates credibility only slightly.' [*United States v. Palumbo,* 401 F.2d 270, 273 (2d Cir., 1968), cert. den. 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969)] First, we do not believe that a narcotics conviction is particularly relevant to in-court veracity. True, any prior conviction relates to a [witness's] credibility in the sense that jurors will give less weight to the testimony of a person with a criminal record. In *Palumbo,* however, we held that the relevant determination for a trial judge is the bearing a particular conviction has on veracity. As one respected commentator has written:

'The theory of such impeachment [by prior conviction] is that it goes to the credibility of the witness, since one who has committed a crime is more likely to lie than a person with a spotless record. Patently the force of the theory must depend on the nature of the prior

crime.' Wright, Federal Practice and Procedure § 416, at 187 (1969).

"We also have indicated that crimes which involve fraud or stealing 'reflect on honesty and integrity and thereby on credibility.' *United States v. DiLorenzo,* 429 F.2d 216, 220 (2 Cir. 1970), cert. denied, 402 U.S. 950, 91 S.Ct. 1609, 29 L.Ed.2d 120 (1971). * * * Violent or assaultive crimes, on the other hand, generally are not thought to reflect directly on veracity. * * While there is considerable uncertainty as to what crimes, by reason of their nature, may be considered to be highly probative of lack of veracity, we believe that a narcotics conviction has little necessary bearing on the veracity of the accused as a witness. [fn.: We do not hold that a prior narcotics conviction can never be used to impeach a defendant.] But see *United States v. McIntosh,* 138 U.S.App.D.C. 237, 426 F.2d 1231, 1233 (1970).

"The probative force of Puco's 21-year old narcotics conviction also is greatly diminished by its age. * * * That some convictions may be too venerable to bear reasonably on the present credibility of a defendant has been often recognized. See McCormick, Evidence § 43, at 91 (1954). Moreover, concern over the use of remote convictions is reflected in the Proposed Rules of Evidence for the United States Courts and Magistrates, Rule 609(b) (1971), which recommends that evidence of a conviction for impeachment purposes not be admissible 'if a period of more than 10 years has elapsed since the date of his most recent conviction or of the release of the witness from confinement, whichever is the later date.' This recommendation by a distinguished Advisory Committee reflects the view that old convictions are not a meaningful index of propensity to lie. While we think it better not to establish rigid age limitations on the use of prior convictions for impeachment purposes, we do hold that Puco's 21-year old conviction had little bearing on testimonial trustwor-

thiness. [fn.: The government argues that *United States v. DiLorenzo, supra,* and *United States v. Palumbo, supra,* upheld for impeachment purposes the use of convictions which were older than Puco's narcotics conviction. However, the convictions in those cases involved fraud and stealing—crimes which bear directly on credibility.. Moreover, the convictions which were used to impeach the defendants in those cases did not involve crimes similar to the ones for which the defendants were on trial.]

"We believe that this case is a classic illustration of a situation where 'a prior conviction negates credibility only slightly but creates a substantial chance of unfair prejudice * * *' *Palumbo, supra,* 401 F.2d at 273. Accordingly, we hold that the trial judge abused his discretion in not excluding Puco's conviction for impeachment purposes."

In the *DeAngelis* case a different panel of the same court spoke as follows (p. 1009):

"The appellant now claims that the court's ruling was an abuse of discretion and prejudicial to him. However, a trial court is required to exclude use of a prior conviction for impeachment only if evidence of such a conviction 'negates credibility only slightly but creates a substantial chance of unfair prejudice,' *United States v. Palumbo,* 401 F.2d 270, 273 (2nd Cir., 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969). Otherwise the trial court has wide discretion to permit such impeachment testimony, particularly in instances when a prior conviction has involved a crime relating to honesty or integrity. *United States v. DiLorenzo,* 429 F.2d 216, 220 (2nd Cir., 1970), cert. denied, 402 U.S. 950, 91 S.Ct. 1609, 29 L.Ed. 120 (1971); *United States v. Palumbo, supra; Gordon v. United States,* 127 U.S.App.D.C. 343, 383 F.2d 936 (1967).

"Here the appellant's prior conviction was neither remote in time from the present offense nor unrelated to his veracity. See *United States v. Puco,* 453 F.2d 539 (2nd Cir., 1971). Nor was it so similar to the offense charged that the jury was likely to slip into the belief that the crime alleged was merely a repetition of one previously proven. While some prejudicial effect is bound to result from any testimony regarding a witness's prior conviction, that effect here did not so outweigh the probative value of the testimony as to require its exclusion. The offense was relevant and proper for the jury to consider in evaluating the appellant's credibility. Consequently, to permit the testimony was not an abuse of discretion. *United States v. Palumbo, supra.*"

 I am left with the advice of my appellate court that an old narcotics conviction has but little bearing re credibility of a witness but possesses great prejudice to a defendant-witness charged with a parallel criminal charge. Actually, the venerability aspect of that holding from *Puco* is moot. Firstly, prejudice to a defendant-witness decreases with age at least as greatly as does its pertinency to credibility. (I say "at least" because such a defendant-witness can probably garner a not insignificant help with the jurors via the argument that substantial time has elapsed without his having again become embroiled in narcotics criminality.) Secondly, the age of a conviction is now dealt with expressly in the legislated rules and, where the conviction antedates a ten-year period ending at the time of the defendant-witness's testimony, the probity re credibility must *substantially* outweigh the prejudice. Rule 609(b). *DeAngelis* does not negate *Puco* because the earlier crime in this more recent decision was not "so similar to the offense charged that the jury was likely to slip into the belief the crime alleged was merely a repetition of the one previously proven." *United States v. DeAngelis, supra,* at 1009. The net of these controlling authorities is that a prior narcotics conviction cannot be used to impeach a narcot-

ics case defendant-witness. I so hold in the instant case.

Defendant Brown's motion to suppress the evidence if his 1968 narcotics conviction hereby is granted and it is hereby ordered suppressed.