**UNITED STATES of America**

v.

**Andre M. MILLINGS, Appellant.**

**No. 75–2075.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 16, 1976.

Decided May 13, 1976.

---

**122**

Joel I. Klein, Washington, D.C. (appointed by this court), for appellant.

Alexia Morrision, Asst. U.S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry and John L. Kern, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before MacKINNON and ROBB, Circuit Judges and WEIGEL,* United States District Judge for the Northern District of California.

Opinion for the Court filed by Circuit Judge ROBB.

ROBB, Circuit Judge:

The appellant Millings was convicted by a jury on an indictment in three counts charging him with distribution of phenmetrazine (Preludin) in violation of 21 U.S.C. § 841(a). Sentenced to concurrent terms of imprisonment on each count, pursuant to 18 U.S.C. § 5010(b), he appeals.

At trial the case for the government was that on three occasions Millings had sold phenmetrazine pills to an undercover police officer named Fitzgerald. The officer testified that the sales took place on the street. Millings testified in his own defense that he had seen the officer several times on the street, but had not sold him any drugs and specifically had not seen him on the dates when the sales were alleged to have taken place.

Over the objection of the defendant the prosecutor was allowed to ask him whether he was the same man who on July 17, 1974 had pleaded guilty to a charge of carrying a pistol without a license in violation of 22 D.C.Code § 3204 [1] and a charge of possession of heroin in violation of 33 D.C.Code § 402.[2] The defendant answered in the affirmative. The question before us is whether this impeachment was permissible under Fed.R.Evid., Rule 609, 28 U.S.C.A. § 609, 88 Stat. 1935. We think it was not.

Rule 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Since the offenses about which Millings was cross-examined were misdemeanors not punishable by death or imprisonment in excess of one year, the question is narrowed to whether they "involved dishonesty or false statement" within the intendment of Section (a)(2) of the Rule.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

1. 22 D.C.Code § 3204 provides in relevant part:
   "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed."
   A first offense under this section is punishable by a fine of not more than $1,000 or imprisonment for not more than one year or both. 22 D.C.Code § 3215. Millings was a first offender under the statute.

2. 33 D.C.Code § 402(a) provides:
   "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."
   Punishment for a first offender under this section is a fine of not less than $100 nor more than $1,000, or imprisonment for not more than one year or both. 33 D.C.Code § 423. Millings was a first offender under this statute.

The authoritative gloss on the phrase "dishonesty or false statement" is found in the Joint Explanatory Statement of the Committee of Conference of the House and Senate, which reported out the bill (H.R. 5463) that enacted the Federal Rules of Evidence. According to the Joint Statement

[b]y the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involved some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.

Conference Report on the Federal Rules of Evidence, No. 93–1597, 93rd Cong., 2d Sess. at 9, U.S.Code Cong. & Admin.News 1974, pp. 7098, 7103.

The term "crimen falsi" used in the Conference Committee's definition

involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud. A crime less than felony that by its nature tends to cast doubt on the veracity of one who commits it. This phrase is also used as a general designation of a class of offenses, including all such as involve deceit or falsification; e.g., forgery, counterfeiting, using false weights or measures, perjury, etc. Includes forgery, perjury, subornation of perjury, and offenses affecting the public administration of justice.

Black's Law Dictionary (4th Ed. 1968) Crimen Falsi, (citations omitted.)

We are not persuaded by the government's argument that the offenses of carrying a pistol without a license and possessing narcotics involve "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." An intent to deceive or defraud is not an element of either offense. One may violate 22 D.C.Code § 3204 by carrying a pistol openly; and neither concealment, falsification or deceit is an element of the offense of possessing narcotics unlawfully. So far as the elements of deceit, untruthfulness or falsification are concerned both offenses are comparable to simple assault, which the government in *United States v. Belt*, 169 U.S.App.D.C. 1, 514 F.2d 837 (1975, *en banc*) conceded does not involve dishonesty or false statement. Certainly we cannot say that either offense, in the language of the Conference Committee, is "peculiarly probative of credibility". Although it may be argued that any willful violation of law, such as carrying a pistol without a license or the unlawful possession of narcotics, evinces a lack of character and a disregard for all legal duties, including the obligations of an oath, Congress has not accepted that expansive theory. On the contrary, as we observed in *United States v. Belt*, 169 U.S.App.D.C. 1, 9, 514 F.2d 837, 845 (1975, *en banc*), Congress has "narrowly defined" the offenses comprehended by Rule 609(a)(2).

The government refers us to decisions of this court holding that narcotics offenses may be used to impeach a witness. *United States v. McIntosh*, 138 U.S.App.D.C. 237, 426 F.2d 1231 (1970); *Evans v. United States*, 130 U.S.App.D.C. 114, 397 F.2d 675, cert. denied, 394 U.S. 907, 89 S.Ct. 1016, 22 L.Ed.2d 218 (1969); *Brooke v. United States*, 128 U.S.App.D.C. 19, 385 F.2d 279 (1967). In those cases however the question was whether the prior convictions could be used under D.C.Code (1967 ed.) § 14–305, which provided that any conviction of crime might be given in evidence to effect the credibility of a witness. Whether Rule 609(a)(2) permits such impeachment is an entirely different question. Furthermore,

in the *McIntosh* and *Brooke* cases the narcotics convictions were for felonies; and in the *Evans* case the court's decision rested on the failure of a defendant who invoked the *Luck* rule to present reasons calling for his unimpeached testimony.

The government also relies upon *Williams v. United States*, 337 A.2d 772 (D.C.App. 1975) and *Durant v. United States*, 292 A.2d 157 (D.C.App.1972), *cert. denied*, 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973). In these cases the District of Columbia Court of Appeals construed Section 14–305 of the District of Columbia Code, as amended in 1970 by the District of Columbia Court Reform and Criminal Procedure Act. This section provides that evidence that a witness has been convicted of a criminal offense shall be admitted for impeachment purposes if the offense "involved dishonesty or false statement (regardless of punishment)". The court held that possessing narcotics (*Williams v. United States*) and carrying a pistol without a license (*Durant v. United States*), both misdemeanors, were offenses involving "dishonesty or false statement" within the meaning of Section 14–305. The court found support for its rulings in the Report of the House Committee on the District of Columbia Court Reform and Criminal Procedure Act, H.R.Rep. No.91–907, 91st Cong., 2d Sess. Noting the statement in the Report that it "is the intent of your Committee that the offenses which are excluded from use are primarily those of passion and short temper, such as assault" the court reasoned that carrying a pistol without a license and the possession of narcotics were not offenses of passion and short temper and therefore were excluded. We need not consider whether we agree with that construction of Section 14–305 on the basis of its legislative history. Rule 609(a)(2) has a different legislative history which supports our interpretation of that rule.

We reject the government's contention that the impeachment of Millings was harmless error. The only witness who testified to the sales of narcotics by Millings was Officer Fitzgerald. Millings denied that he had made the sales so that the decisive issue before the jury was one of credibility. Had the jury believed Millings he would have been acquitted. In this situation evidence of the defendant's prior convictions may well have tipped the scales against him. *See United States v. Wooden*, 137 U.S.App.D.C. 1, 3, 420 F.2d 251, 253 (1969).

The judgment of the District Court is reversed and the case is remanded for a new trial.

*So ordered.*