**UNITED STATES**

v.

**Morris W. GORDON.**

**Crim. No. 1115-64.**

United States District Court
District of Columbia.

Oct. 22, 1965.

Carol Garfiel, Asst. U. S. Atty., Washington, D. C., for the United States.

John A. Briley, Jr., Washington, D. C., for defendant.

PINE, District Judge.

This is a Motion for a New Trial under Rule 33, Fed.R.Crim.P. The grounds for the motion as set forth therein are (1) that the sole Government witness against defendant at the trial was Horace Lafayette Logan, also known as Leroy Logan, Jr., (2) that on proper cross examination at trial Logan denied that he had ever been convicted of larceny, (3) that in fact Logan had been duly convicted of larceny in the District of Columbia Court of General Sessions on the 12th day of November, 1962, (4) that counsel for the defendant at trial exercised all due diligence to prove this conviction, and was surprised at Logan's denial of that conviction.

Evidence has been received, and the motion has been fully argued. Although the motion is not expressly worded as being based on the ground of newly discovered evidence, that is what essentially it is. In such case Rule 33 provides that "[I]f an appeal is pending the court may grant the motion only on remand of the case." The case is now on appeal. There being no remand, this court would appear to be without jurisdiction to "grant" the motion. However, in Smith v. Pollin, 90 U.S.App.D.C. 178, 179, 194 F.2d 349, 350, a civil case, the Court of Appeals stated that in criminal cases when a new trial is sought because of newly discovered evidence in a case pending in the appellate court, and a motion for a new trial is made in the District Court, the District Court may either deny the motion or "indicate that it will grant the motion." The Court of Appeals further stated that, "[i]f that court indicates that it is inclined to grant the motion, a motion for remand is made in the appellate court."

I shall follow the procedure outlined in the Smith case, supra.

I shall now take up seriatim the grounds for the motion hereinabove set forth, as follows:

As to ground (1), it appears that the complaint filed in the District of Columbia Court of General Sessions was signed by "Horace Leroy Logan, Jr." The indictment charges in the first count

that defendant took from the person of "Horace L. Logan" certain money in violation of the robbery statute, and in the second count ᵧthat defendant assaulted "Horace L. Logan" with a dangerous weapon. At the trial the complaining witness identified himself as "Horace Leroy Logan." Therefore the allegation in ground number one that the sole Government witness against the defendant was "Horace Lafayette Logan, also known as Leroy Logan, Jr." is not sustained.

█ As to ground (2), namely, "that on proper cross examination at trial Logan denied that he had ever been convicted of larceny," the transcript discloses that the complaining witness, Logan, testified that he was not "the same Horace Logan who pled guilty to larceny on February 20, 1963," that he had never used the name "Lafayette," and that his brother was named Horace Lafayette Logan. At no time did the defendant deny that he had ever been convicted of larceny. The second ground for the motion is likewise not sustained.

Ground (3) alleges that Logan had been duly convicted of larceny in the District of Columbia Court of General Sessions on the 12th day of November, 1963. It now appears from the evidence before me that the complaining witness under the name of "Leroy Logan, Jr." was convicted of petty larceny in the Court of General Sessions on the date mentioned. If this information had been known to defendant's counsel, the complainant's credibility could have been impeached by evidence of this conviction. This is the information now known to defendant's counsel, on which he bases his motion for new trial, and the question before me is whether or not it is "newly discovered evidence" justifying a new trial.

█ In Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652, the requirements for obtaining a new trial on this ground are set forth. They are five in number, as follows:

The first requirement is that the evidence must have been discovered since the trial. I find that it was discovered since the trial.

The second requirement is that the party seeking a new trial on this ground must show diligence in attempting to procure the newly discovered evidence. I find from the evidence, now before me, that defense counsel made an examination of the dockets of the Court of General Sessions and the District Court to ascertain whether there was a conviction of Horace Leroy Logan, Jr., or Horace L. Logan, and on that basis found only the conviction of Horace Lafayette Logan of the same address as the complaining witness who was convicted of petty larceny in 1963. He did not search the records for a conviction of Leroy Logan, Jr., as the complaining witness now identifies himself. It appears from the trial transcript that defendant's counsel did refer to the complaining witness on occasions throughout the trial as "Horace Logan" and as "Leroy Logan," and in a Bench conference at the beginning of the trial referred to the "problem" that he had in his investigation of Horace Logan or Leroy Logan, Jr., to ascertain whether the witness had a criminal conviction, but did not explain in detail what his problem was. Further, defendant's counsel did not issue a subpoena to the Police Department for the production of its records under the various names then known to him of the complaining witness.

The question therefore is: Did he show diligence in looking at the court records only under the name of Horace Leroy Logan, Jr., and Horace L. Logan, and in not going further by looking at the records in relation to the name of Leroy Logan, Jr., which would have disclosed the petty larceny conviction of the complaining witness and allowed his impeachment, and further in not issuing a subpoena to the Police Department for its records under the various names of the complaining witness as then known to him, which probably would have disclosed this information, although a recess of 15 minutes was granted him by the Court for further investigation.

■■ I am of the opinion that the highest degree of diligence would have required this procedure, but that is not the criterion. It is simply "diligence," which I assume means ordinary diligence. That is a relative term and depends upon the circumstances of the case. Among the circumstances in this case was the fact that defendant's counsel was distracted from deeper investigation by finding the conviction of Horace Lafayette Logan of the same adress as that of the complaining witness, who turned out to be the complaining witness' brother. There is no suggestion that there was any deliberate effort to make a scanty investigation with a view to using something that might be found later as a basis for a new trial if conviction resulted. On the contrary, the attorney for defendant acted in good faith throughout, although perhaps he was not as imaginative as others might have been under the same circumstances. However, I find that he was diligent in the sense that I understand the term.

■ The third requirement is that the evidence relied on must not be merely cumulative or impeaching. The evidence in question is not cumulative, but it is impeaching, which under the third requirement would apparently prevent a new trial. However, it is impeaching evidence of a very serious nature under the circumstances of this case, there being no corroboration and no eye witnesses. The complaining witness testified that defendant assaulted and robbed him, and the defendant testified that the complaining witness took his money and then assaulted him. The complaining witness was portrayed before the jury as a man unblemished by a criminal record, which was not true. Defendant, on the other hand, when he took the stand, was obliged to disclose that he had been convicted of criminal offenses on four prior occasions, including carrying a dangerous weapon and robbery.

In Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1, 5, the Supreme Court had this to say as to newly discovered evidence affecting a witness' credibility at the trial: "Such an allegation by the defense *ordinarily* will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial." (Italics supplied.) I believe under these facts that this is not a case where the *ordinary* rule for not granting a new trial applies, and that the evidence here does not come within the general interdiction that the newly discovered evidence which is merely impeaching is ordinarily insufficient to warrant a new trial.

■ The fourth requirement is that the evidence must be material to the issue involved. There would appear to be no doubt that this evidence is material, because it involves the credibility of the complaining witness.

■ The fifth element is that the newly discovered evidence must be of such a nature that in a new trial it would probably produce an acquittal. I believe that evidence of the complaining witness' conviction is of a character that would raise a reasonable doubt, in view of the lack of corroboration and the absence of eye witnesses. It was a case where the jury had to determine whether to believe the word of the complaining witness or the word of the defendant. To be sure defendant's account of the incident strains credulity, but the complaining witness' account is lacking in certitude in several respects; and this condition of the evidence, plus a showing that each had criminal records, which weighs heavily in connection with credibility, could well produce a state of mind that neither the complainant nor the defendant was telling the truth, that the full truth had not been told by either, and therefore the Government had not established guilt beyond a reasonable doubt.

Under these circumstances, pursuant to Smith v. Pollin, supra, I "indicate" that I am "inclined" to grant the motion.

This is sufficient under the Smith case to justify a motion for remand in the Court of Appeals.