**Morris W. GORDON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20126.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 22, 1966.

Decided Sept. 18, 1967.

As Amended Oct. 12, 1967.

Petition for Rehearing En Banc Denied
Oct. 27, 1967.

Mrs. Zora F. Hostetler, Washington, D. C. (appointed by this court), for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Robert Kenly Webster, Asst. U. S. Atty., also entered an appearance for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

██ Appellant was convicted of robbery and assault with a dangerous weapon. On appeal this Court remanded the case to the District Court without considering the merits when it appeared that the District Court had indicated willingness to grant a new trial[1] because of newly discovered evidence. The new evidence was that the complaining witness, the sole government witness at the first trial, had been convicted of larceny,[2] a factor relevant to his credibility and which was unknown at the time of trial. A new trial followed our remand, and the second trial also resulted in conviction.

██ On this appeal only one issue raised by Appellant bears comment. Appellant claims that the District Court Judge abused the discretion vested in

him by Luck v. United States, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965), when he permitted the government to impeach Appellant's testimony by showing prior convictions. However, the record reveals that Appellant did not present the issue to the trial judge in the manner contemplated by Luck, although on the whole record we are satisfied that the trial judge did consider the point and exercise his discretion concerning the prior convictions which Appellant now argues should be excluded; as we have said before, absent plain error we will not find an abuse of discretion where there has been no meaningful invocation of that discretion. See Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966).[2a] Nonetheless, we are moved by the arguments of counsel here as well as by the need for clarification relating to the problem of prior-crimes impeachment, see, e. g., Stevens v. United States, 125 U.S.App.D.C. 239, 370 F.2d 485 (1966) (Fahy, J., dissenting), to set forth some observations about our decision in Luck.

Because of the direct conflict in the evidence the verdict necessarily turned on how the jury resolved the credibility contest between the complainant and the defendant. Appellant's argument now is that while it was appropriate for him to impeach the complaining witness with a prior criminal record, it was improper

---

1. See FED.R.CRIM.P. 33; Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).

2. Such a discovery would not normally constitute newly discovered evidence, but the circumstances in this case were unusual. Newly discovered evidence which is only of impeaching value does not ordinarily warrant a new trial, Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956); Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652 (1951), but the District Judge granted a new trial to ensure that the jury had before it the same type of available impeachment evidence about the complaining witness as it had about Appellant so that it could make a fair evaluation of credibility. United States v. Gordon, 246 F.Supp. 522 (D.D.C.1965).

2a. Although no objection was raised as to the three impeaching crimes of fugitivity, robbery, and carrying a dangerous weapon, trial counsel moved to exclude the offenses of taking property without right and malicious destruction of property on the ground that they were not "crimes" within the meaning of the statute. While this objection perhaps did not fully articulate the Luck issue, the subject was fully explored and the District Judge denied the motion. Assuming that Luck was properly raised in view of the peculiar facts of this case, which was, as we noted, a "credibility" contest based in large part on the conflicting testimony of the victim and the accused, both having prior records, we find no abuse of discretion.

to allow impeachment of his own credibility by asking him about his criminal convictions, notwithstanding his failure to raise the issue.

The rationale of our *Luck* opinion is important; it recognized that a showing of prior convictions can have genuine probative value on the issue of credibility, but that because of the potential for prejudice, the receiving of such convictions as impeachment was discretionary. The defendant who has a criminal record may ask the court to weigh the probative value of the convictions as to the credibility against the degree of prejudice which the revelation of his past crimes would cause; and he may ask the court to consider whether it is more important for the jury to hear his story than to know about prior convictions in relation to his credibility. We contemplated the possibility of allowing some convictions to be shown and some excluded; examples are to be found in those which are remote and those which have no direct bearing on veracity, and those which because of the peculiar circumstances at hand might better be excluded. The *Luck* opinion contemplated an on-the-record consideration by the trial judge whose action would be reviewable only for abuse of discretion, and that once the exercise of discretion appeared, the trial court's action be "accorded a respect appropriately reflective of the inescapable remoteness of appellate review." [3] This is a recognition that the cold record on appeal cannot present all facets and elements which the trial judge must weigh in striking the balance.[4]

*Luck* also contemplated that it was for the defendant to present to the trial court sufficient reasons for withholding past convictions from the jury in the face of a statute which makes such convictions admissible. *See* Hood v. United States, *supra*. The underlying assumption was that prior convictions would ordinarily be admissible unless this burden is met. "The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense." [5]

The standard to be applied by the District Judge was stated in terms of whether he "believes the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility." [6] The impact of criminal convictions will often be damaging to an accused and it is admittedly difficult to restrict its impact, by cautionary instructions, to the issue of credibility. The test of *Luck*, however, is that to bar them as impeachment the court must find that the prejudice must "far outweigh" the probative relevance to credibility, or that even if relevant the "cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction." [7]

The burden of persuasion in this regard is on the accused; and, once the issue is raised, the District Court should make an inquiry, allowing the accused an opportunity to show why judicial discretion should be exercised in favor of exclusion of the criminal rec-

---

3. 121 U.S.App.D.C. at 157, 348 F.2d at 769.

4. *See* Brooke v. United States, 128 U.S. App.D.C. ——, 385 F.2d 279 (decided April 19, 1967).

5. *Luck*, *supra* at 156, 348 F.2d at 768 (emphasis in original). Since *Luck* we have reiterated this view:

[*Luck*] establishes only that Congress, in legislating to the effect that prior

convictions may be used to impeach, left some room for the play of judicial discretion over the unfolding circumstances of the immediate trial.
*Hood, supra* at 18, 365 F.2d at 951.

6. *Luck*, *supra* at 156, 348 F.2d at 768.

7. *Id.* at 156, 348 F.2d at 768. *See* Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966).

ord.[8]  This, admittedly, places a very difficult burden on trial judges and some added guidelines are needed even at risk of adding to the burdens of the trial courts.

In considering how the District Court is to exercise the discretionary power we granted, we must look to the legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a "bad" person but rather to show background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses.  In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity.[9]  Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity.  A "rule of thumb" thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category.  The nearness or remoteness of the prior conviction is also a factor of no small importance.  Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.

A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial.[10]  Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that "if he did it before he probably did so this time."  As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

Of course, there are many other factors that may be relevant in deciding whether or not to exclude prior convictions in a particular case.  *See Luck, supra* at 157, 348 F.2d at 769.  One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions.  Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of im-

---

**8.** It must be remembered that the prior conviction involved in *Luck* was a guilty plea.  The relevance of prior convictions to credibility may well be different as between a case where the conviction of the accused was by admission of guilt by a plea and on the other hand a case where the accused affirmatively contested the charge and testified, for example, that he was not present and did not commit the acts charged.  In the latter situation the accused affirmatively puts his own veracity in issue when he testifies so that the jury's verdict amounted to a rejection of his testimony; the verdict is in a sense a *de facto* finding that the accused did not tell the truth when sworn

to do so.  Exploration of this area risks a diversion which may well be time consuming; hence use of this inquiry should be limited.

**9.** "The reason for exposing the defendant's prior record is to attack his *character*, to call into question his reliability for truth-telling * * *."  Brown v. United States, *supra* at 222, 370 F.2d at 244 (per Wright, J.).

**10.** Neither *Luck* nor this opinion places any limitations on established rules which permit evidence of prior criminality to show a "pattern" of offenses.  *See, e. g.,* Drew v. United States, 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964).

peachment. *Ibid.; see also Brown, supra.*[11]

■■■■■ We recognize the undesirability of prolonging the trial unduly when the court is already confronted with requirements which work to that end, but in many cases the best way for the District Judge to evaluate the situation is to have the accused take the stand in a non-jury hearing and elicit his testimony and allow cross examination before resolving the *Luck* issue. Not only the trial judge, but both counsel, would then be in a better position to make decisions concerning the impeachment issue. Of course, the defendant could not be compelled to give testimony in the non-jury hearing and his testimony taken at the non-jury hearing would not be admissible in evidence except for impeachment. See Woody v. United States, 126 U.S.App.D.C. ——, 379 F.2d 130 (1967); compare Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503 (1954).

We are well aware that these are not firm guidelines which can be applied readily as though they were part of the structure of the Federal Rules of Criminal Procedure; the very nature of judicial discretion precludes rigid standards for its exercise; we seek to give some assistance to the trial judge to whom we have assigned the extremely difficult task of weighing and balancing these elusive concepts. Surely, it would be much simpler if prior convictions of an accused were totally admissible or totally excludable as impeachment; but in the face of an explicit, unambiguous statute[12] allowing use of prior convictions and the holding in *Luck* we have little choice. The lesser step has been taken in *Luck* saying that the statute is to be read as permitting a discretion in the trial judge.

■■■ Even though we need not go beyond Appellant's failure to raise the issue he now relies on, we note that the admission of Appellant's criminal record here, along with the criminal record of the complaining witness, was not in a vindictive or "eye for an eye" sense, as Appellant argues. Rather it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed. The jurors saw and heard both and we are able to see and hear neither. None of the other contentions urged by Appellant affords a basis for disturbing the judgment.

Affirmed.

11. This weighing process would occur only where it has been determined that the prior convictions are otherwise admissible. Having made that determination, the judge would then consider whether the defendant's testimony is so important that he should not be forced to elect between staying silent—risking prejudice due to the jury's going without one version of the facts—and testifying—risking prejudice through exposure of his criminal past. In this regard, the judge may want to evaluate just how relevant to credibility the prior convictions are; for example, a recent perjury conviction would be difficult to ignore even where the defendant's testimony would be of great importance. This could well be true as to a multiplicity of convictions for crimes of dishonesty referred to earlier. On the other hand, where an instruction relative to inferences arising from unexplained possession of recently stolen property is permissible, the importance of the defendant's testimony becomes more acute. *See* Smith v. United States, 123 U.S.App.D.C. 259, 359 F.2d 243 (1966).

12. In relevant part, D.C.Code § 14–305 (1967) provides:

A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime. The fact of conviction may be given in evidence to affect his credibility as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him is not bound by his answers as to such matters.

*Cf.* Spencer v. State of Texas, 385 U.S. 554, 561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).