**James Howard JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4651.**

District of Columbia Court of Appeals.

Argued May 6, 1968.

Decided July 8, 1968.

---

Stephen S. Millstein, Washington, D. C., for appellant.

William G. Reynolds, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Robert S. Bennett, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

After a jury trial, appellant was convicted of false pretenses.[1]

The Government rested its case after presenting its evidence, and before appellant opened his case, he requested a *Luck* ruling[2] to exclude his past record if he should take the stand to testify. As a condition precedent to a ruling, the trial judge required appellant to take the stand and be sworn as a witness before the jury.[3] Appellant objected, claiming that if he decided not to testify, this procedure would be prejudicial. His objection was overruled. The jury was returned to the courtroom, and, after the opening statement of defense counsel, the accused took the stand and was sworn as a witness. The *Luck* hearing was then held in a bench conference while the jury was in the jury box.

After the trial judge exercised his discretion by excluding certain prior convictions

---

1. D.C.Code 1967, § 22–1303.

2. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

3. The record shows that at the time appellant requested a *Luck* ruling, the jury had been excluded from the courtroom to permit the judge to hear other motions.

and allowing the use of others,[4] appellant elected not to testify and was instructed to step down from the witness stand, at which time he rested his case.

█ The trial judge gave as his reason for the procedure here employed that the *Luck* question cannot properly be before him unless and until the accused is placed "in jeopardy" by taking the stand in the presence of the jury. The requirement that an accused take the stand is appropriate in *Luck* situations where it is necessary to elicit testimony for the purpose of determining whether or not his prior convictions may be used for impeachment purposes. Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967). His taking the stand under this procedure should be, as prescribed by *Gordon*, supra, out of the presence of the jury, because it represents the beginning of the *Luck* hearing. Moreover, in this case there was no examination of the accused before the judge exercised his *Luck* discretion.

█ The *Luck* ruling is intended to inform a defendant "who is considering whether or not to testify on his own behalf * * * to what extent the trial judge will permit him to be impeached by his past record."[5] It was for this purpose that appellant sought a *Luck* ruling. Consequently, by requiring appellant, prior to the ruling, to take what is ordinarily the first step towards testifying, i. e., taking the stand before the jury, the judge was in effect pre-empting the discretion of appellant regarding his decision in this matter. Cf. Nassif v. District of Columbia, D.C. App., 201 A.2d 519 (1964).[6]

In this case, a jury could not have helped but conclude that appellant was withdrawn from the stand without any questions asked by counsel or the court because of the intervening deliberations at the bench between counsel and the judge. While strict adherence to the *Gordon* procedure may not be necessary in all cases, and while a short bench conference may well be sufficient in a given case, when the latter procedure is employed, the preliminary swearing-in of the accused before the jury as a condition precedent to obtaining a *Luck* ruling is clearly unnecessary and prejudicial.[7]

We do not find it necessary to consider the other errors claimed, since a new trial will be required.

Reversed.

---

4. The judge excluded convictions not relevant to appellant's credibility, but permitted the use, for impeachment purposes, of convictions for theft, forgery, and false pretenses. See Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967).

5. 121 U.S.App.D.C. at 156 n. 7, 348 F.2d at 768 n. 7.

6. It is arguable, moreover, that to require a defendant to take the stand in the presence of the jury as a condition precedent to a *Luck* ruling may well raise constitutional implications with respect to his later decision, after an unfavorable ruling, not to testify. "What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." Griffin v. State of California,

380 U.S. 609, 614, 85 S.Ct. 1229, 14 L. Ed.2d 106 (1965). Courtroom actions, like the demeanor of the accused and other witnesses, are peculiarly within the province of the jury to notice and to judge. A mere instruction on the privilege of the defendant not to testify, as was given here, seems insufficient to remove the effect of appellant's actions before the jury from their judgment of the case.

7. This case is distinguishable from Bullock v. United States, D.C.App., 243 A.2d 677 (decided July 8, 1968), where any prejudice that may have occurred was a result of the announcement by defendant's counsel, in open court with the jury present and before the *Luck* conference was initiated, that his client would testify.