Raymond SMITH, Jr., a/k/a Walter
Raleigh Jeffries, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21440.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 10, 1968.

Decided Dec. 13, 1968.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1315.

Mr. Richard S. Morey, Washington,
D. C., with whom Mr. Frank H. Menaker, Jr., Washington, D. C. (both appointed by this court), was on the brief, for
appellant.

Mr. John S. Gill, Jr., Asst. U. S. Atty.,
for appellee. Messrs. David G. Bress,
U. S. Atty., Frank Q. Nebeker and
Theodore Wieseman, Asst. U. S. Attys.,
were on the brief, for appellee.

Before BURGER, WRIGHT and
TAMM, Circuit Judges.

PER CURIAM:

This is an appeal from convictions
on three counts of unauthorized use of
a motor vehicle, possession of a sawed-off shotgun, and carrying a dangerous
weapon. The sole question raised on
appeal is whether the trial court abused
its discretion under Luck v. United
States, 121 U.S.App.D.C. 151, 348 F.2d
763 (1965), by permitting the Government to cross-examine as to Appellant's
1963 petit larceny conviction.

■ We note preliminarily that Appellant's trial counsel did not ask for
an on the record *Luck*, supra,[1] hearing.
We take this opportunity to reiterate
that all treatment and consideration of
the *Luck-Gordon*[2] issue must be on the
record.[3] The failure to place the issue
on the record unnecessarily raises the
question of whether the trial judge's

1. The question was considered by the court
and counsel off the record in chambers
(Tr. 276).

2. Gordon v. United States, 127 U.S.App.
D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20
L.Ed.2d 287 (1968).

3. *Id.* at 346, 383 F.2d at 939 (1967).

discretion under *Luck-Gordon* was meaningfully invoked.[4]

■ In any event, we have carefully canvassed the record, and from all that appears we are satisfied that the trial judge gave due consideration to the policy underlying *Luck* and properly exercised his discretion under 14 D.C. Code § 305 (1967). Appellant took the stand and denied having stolen the car in question. This testimony directly conflicted with credible testimony offered by the prosecution, making Appellant's credibility the dispositive issue in the case. "[I]n those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed." Gordon v. United States, 127 U.S.App.D.C. 343, 348, 383 F.2d 936, 941 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). Petit larceny, the conviction admitted here, involves elements of "deceit, fraud, cheating, or stealing" and as such reflects "adversely on a man's honesty and integrity." *Id*. at 347, 383 F.2d at 940. The conviction was properly received for the jury's considerattion.

Affirmed.

4. *See* Evans & Philson v. United States, 130 U.S.App.D.C. 114, 397 F.2d 675 (1968) ; Hood v. United States, 125 U.S. App.D.C. 16, 365 F.2d 949 (1966).