**UNITED STATES of America**

**v.**

**John MOORE, a/k/a George H. Green, Appellant.**

**No. 23798.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 17, 1971.

Decided Jan. 10, 1972.

---

Mr. T. S. L. Perlman, Washington, D. C. (appointed by this Court) for appellant.

Mr. William H. Schweitzer, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U S. Atty. at the time the brief was filed, John A. Terry and Richard A. Hibey, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL, Circuit Judge, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

GOURLEY, Senior District Judge:

Appellant was convicted in trial by judge and jury of armed robbery, assault with a dangerous weapon, and carrying a dangerous weapon without a license in violation of 22 D.C.Code §§ 2901, 502, and 3204.

The facts are simple. An employee of a dairy store was robbed at gun point of approximately $51 in cash. The offender fled to a pre-arranged spot where an effort was made to escape in a blue Chrysler motor vehicle. Fortunately for law enforcement, the vehicle went out of control and the car was abandoned. Immediately after the crime, police officers were informed thereof, received radio dispatched descriptions of the defendant and the motor vehicle and acted most commendably and with remarkable efficiency in apprehending appellant. He was taken to the scene of the crime in less than fifteen minutes after the crime and identified. A very short time after the arrest a search was made of the automobile which the appellant-defendant used in an effort to flee from the crime and a paper bag was recovered containing the amount of money taken in the robbery.

* Sitting by designation pursuant to 28 U.S.C.A. § 294(d) (1970).

Four alleged errors are presented in support of the appeal for reversal or remand: (1) the search of the automobile violated Fourth Amendment rights; (2) the arrest of appellant was without probable cause; (3) the on-the-scene identification was improperly admitted into evidence; and (4) the trial court's ruling on use of a prior conviction of impersonating the owner of a federal check which would have been used for impeachment purposes was improper. We do not agree; neither reversal nor remand are dictated by the circumstances of this case.

■ The search of the automobile, believed by officers to have been used in connection with the robbery, was proper. The radio descriptions of the car were adequate and the circumstances surrounding the car's abandonment sufficiently suspect that the officers' search in no way exceeded constitutional limitations. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). See also United States v. Free, 141 U.S.App.D.C. 198, 437 F.2d 631 (1970).

■ Likewise, appellant's arrest transgresses no constitutional limit. There was probable cause to arrest based on descriptions which clearly linked him to a robbery in the vicinity. Probable cause exists even though absolute certainty does not. Thus the fact that circumstances only partially matched the broadcast description of defendant does not negate the validity of the arrest; the totality of the information upon which the officers acted at the time of the arrest is the test of whether or not there was probable cause. Coleman v. United States, 137 U.S.App.D.C. 48, 420 F.2d 616 (1969). Viewed in this light probable cause existed for the arrest. Moreover, we perceive no error in admitting the on-the-scene identification into evidence. No undue suggestibility arose from the identification which was fairly and promptly conducted.

■ Proof of appellant's prior conviction for impersonating the owner of a federal check (18 U.S.C.A. § 914) would have been proper since the crime involved an act of dishonesty. Thus the prior conviction would have been properly admitted for impeachment purposes. Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936 (1967). During trial there was uncertainty as to whether the defendant would take the stand and testify in his own behalf. After conducting a *Luck* [1] hearing outside the presence of the jury, the trial court ruled that the government could impeach defendant with the prior conviction.

The conviction appealed from is affirmed.

—

---

1. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).