**UNITED STATES of America,**

v.

**Gerald O. MORGAN, Appellant.**

**No. 72–1317.**

United States Court of Appeals, District of Columbia Circuit.

Decided March 19, 1973.

As Amended March 19, 1973.

William J. Boyd, Washington, D. C., and James R. Fox (appointed by this court) were on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Brian W. Shaughnessy, and Joseph E. di Genova, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, Circuit Judge, EDWARDS,* United States Circuit Judge for the Sixth Circuit, and TAMM, Circuit Judge.

PER CURIAM:

Appellant was convicted after jury trial in the United States District Court for the District of Columbia on charges of first degree burglary while armed, armed robbery, and assault with a deadly weapon. He was sentenced to concurrent terms of three to ten years on each count.

The evidence at trial showed that there was one witness to the alleged crime, the complaining witness George C. Lucas. He testified that on October 10, 1971, in the early morning hours, three men whom he had never seen before, two of whom were armed, burst into his room, that he sought to resist but was overcome by them when one of them struck him with a revolver and that they then robbed him of several dollars and

* Sitting by designation pursuant to Title 28 U.S.C. § 291(a).

left. Lucas also testified that he followed the bandits out of the room, saw them enter a car driven by a man he recognized as Leroy Price, whom he knew.

Lucas called the police who responded and found the room in a state of disorder. Some days later Lucas advised the police of the name of those whom he alleged to be his assailants. He testified that he had gotten their names from Price. Appellant's was one of those names.

The only appellate issue of significance concerns appellant's claim of error in being refused the opportunity properly to impeach the complaining witness. This occurred as a result of the following colloquy:

MR. MENARD [Counsel for defendant Dennis G. Morgan]: Your Honor, under D.C.Code convictions, those ten years from the present cannot be used for witnesses or for defendants.

The star witness for the Government, the complaining witness, has a conviction of more than ten years and in spite of the D.C.Code, I would argue under the general principles, Your Honor, of criminal law, that we should be allowed to use that conviction.

THE COURT: What is the conviction?

MR. MENARD: Making a false report to the Police Department and that is the gravamen of our defense in this case.

MR. SHAUGHNESSY [Assistant United States Attorney]: Don't you have another conviction that is more recent?

MR. MENARD: Yes. It is the nature of that other conviction that we want.

THE COURT: If it is more than ten years old, that will not be used, of course.

MR. SHAUGHNESSY: I don't know if there was a trial in that case or a forfeit.

MR. MENARD: Yes.

THE COURT: There very seldom is.

MR. MENARD: I think he got 30 days.

The applicable statute provides in relevant part that "no evidence of any conviction . . . is admissible . . . if a period of more than ten years has elapsed since the later of (i) the date of the release of the witness . . . for his most recent conviction of any criminal offense, or (ii) the expiration of the period of his parole, probation or sentence . . . imposed with respect to his most recent conviction of any criminal offense." [1] 14 D.C.Code § 305(b) (1)(B)(ii) (Supp. V; 1972).

The complaining witness in this case, George Lucas, had been found guilty of making a false report to the police and sentenced to 30 days imprisonment on July 11, 1957. Additionally, on December 30, 1969, he pled guilty to the charge of assault with a dangerous

---

1. 14 D.C.Code § 305 (Supp. V, 1972) provides in pertinent part:

(b)(1) Except as provided in paragraph (2), for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, either upon the cross-examination of the witness or by evidence aliunde, but only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment). A party establishing conviction by

means of cross-examination shall not be bound by the witness' answers as to matters relating to the conviction.

\* \* \* \* \*

(B) in addition, no evidence of any conviction of a witness is admissable under this section if a period of more than ten years has elapsed since the later of (i) the date of the release of the witness from confinement imposed for his most recent conviction of any criminal offense, or (ii) the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction of any criminal offense.

weapon and was sentenced to two to seven years in prison. Execution of that sentence was suspended subsequently, and Lucas was placed on probation for five years. The effect of the rulings of the District Judge was to allow impeachment of Lucas on the basis of the second conviction but not on the basis of the first.

 This latter ruling was plainly in error under the D.C.Statute, and the Government concedes as much. The Government's argument on appeal is that the error was harmless when the case is considered as a whole, citing Davis v. United States, 133 U.S.App.D. C. 172, 409 F.2d 453 (1969).

We consider the *Davis* case to be easily distinguishable from the instant facts and we believe this conviction must be reversed and the case remanded for new trial. The conviction for making a false police report was admissible under the specific language employed in the statute recently adopted by Congress. Additionally, the making of a false police report represents the exact sort of dishonest conduct on the part of the complaining witness which appellant's alibi defense implied.

The Government proofs in this case were far from overwhelming. There is no corroboration of the offense beyond the inconclusive report of the police officers who responded to the scene after the event concerning the complaining witness' allegations as to the commission of the crime. And there is no corroboration at all as to the complaining witness' identification of appellant as one of his alleged assailants. The get-away car driver, Price, was never indicted, and although complaining witness Lucas identified Price as his source of information as to the names of the defendants, he was never called as a Government witness. We do not recite these facts to show that the proofs were insufficient to support a verdict of guilty by the jury, but rather to show that failure to allow impeachment based on a conviction involving a false police report

may have been a genuinely prejudicial factor in relation to defendant's conviction. In Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), this court said:

In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. *Id.* at 940. (Footnote omitted.)

Here the complaining witness' honesty and veracity was at issue and the error in excluding his earlier conviction may have affected the jury verdict.

The conviction is reversed and the case is remanded to the District Court for new trial.