**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Clarence Olin "Head" REVEL,**
**Defendant.**

**Cr. No. 2685–E.**

United States District Court,
M. D. Alabama, E. D.

Aug. 14, 1973.

Ira deMent, U. S. Atty., Broward Segrest, and David Byrne, Asst. U. S. Attys., Montgomery, Ala., for the United States.

Ernest C. Hornsby, Tallassee, Ala., for defendant.

## ORDER

VARNER, District Judge.

This cause is submitted to this Court on motion of the Defendant, Clarence Olin "Head" Revel, for a new trial based on newly discovered evidence, the motion of the Government to dismiss the motion for new trial, and the Government's response to motion for new trial. As a result of the nature of the newly discovered evidence, this Court has given the attorneys for both sides an opportunity to file such supplementary affidavits to the record as they should see fit, and Movants have been given an opportunity to appear in open court and file briefs supporting their various motions. This Court has considered the pleadings aforesaid together with the certificates submitted to this Court.

As pointed out by the Government's motion to dismiss, the motion for new trial is not properly within the jurisdiction of this Court since the case is now pending on appeal before the United States Court of Appeals. However, this Court will construe the Defendant's motion for new trial as an application for leave to make a motion for new trial based on newly discovered evidence. Such a proceeding may properly be heard by this Court and certified by this Court to the United States Court of Appeals with jurisdiction of the cause with this Court's certificate that it is inclined to grant it, United States v. Gordon (DC D.C.1965), 246 F.Supp. 522. On the other hand, this Court may deny it, Richardson v. United States (CCA 5), 360 F.2d 366. In the event that this Court should certify that it is inclined to grant the motion, the Appellant would then have a right to file the motion in the Court of Appeals attaching this Court's certificate of inclination. In the event of a denial by this Court, such denial is final and appealable. Richardson v. United States, supra.

This Court should grant a motion for new trial on the ground of newly discovered evidence where such evidence would probably produce an acquittal in the event of retrial. Moore's Federal Practice, Vol. 8(a), § 33.04. Because all matters must eventually come to rest, motions for new trial on the grounds of newly discovered evidence are not favored and must be viewed with great caution. United States v. Lombardozzi (CCA 2), 343 F.2d 127, cert. den., 381 U.S. 938, 85 S.Ct. 1771, 14 L.Ed.2d 702; Weiss v. United States, 122 F.2d 675 (5 CCA 1941), cert. den., 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550. A new trial should be denied unless the substantial rights of the defendant are af-

fected. Roberson v. United States, 249 F.2d 737 (5 CCA 1957), cert. den., 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715.

By virtue of probation reports filed with this Court in a prior case wherein this Appellant was prosecuted, this Court was made aware of many adverse rumors concerning the Appellant. The Appellant, as a part of his motions to remove this and the previous case, filed numerous newspaper articles containing many stories adverse to the Appellant. These rumors included unconfirmed reports as follows: that the Appellant, "Head" Revel, had acquired his nickname "Head" by virtue of the fact that he at one time smuggled Chinese into the United States at a certain price per head and that these persons were chained with heavy weights in the smuggling vessels so that they could be disposed of overside in the event of approach by officials; that he was, before the well-publicized "Phenix City Cleanup", known as one of the leaders in fields of underground activities; that he mysteriously disappeared for many months on the very night that Attorney General Elect Albert Patterson was murdered in Phenix City after his election on his "cleanup" platform; that two known witnesses against the Appellant were murdered shortly before a trial of the Appellant some years ago; that in the 1971 trial at which this Court presided he bribed a black juror to refuse to vote for conviction. This Court had personally seen the Appellant's brother, "Pap" Revel, in serious conversations with at least one black juror on the jury panel from which the Revel jury was to have been selected in the instant trial. Most reports were unconfirmed and allegedly could not be confirmed because of the alleged fear that the witnesses professed for their lives in the event they testified against this Defendant.

This Court was well aware of the jealousies that exist among professional gamblers and was not impressed by reports of past activities of Mr. Revel to the extent that he would consider changing the sentence considered proper by him in this case except to the extent justified by Appellant's record and especially by the fact that Appellant was found by the jury to have been involved in professional gambling activities during the appeal of the earlier conviction by this Court.

This Court finds that the alleged reports made to this Court could have had no effect on the jury since the same were not brought to the jury's attention.

Appellant attacks the prejudice of this Court. Yet, it was the jury who convicted Appellant. The Judge's prejudice, if any, except for that reflected in the sentence, is subject to review now pending before the Court of Appeals.

■ The sentence, itself, is unremarkable. The Defendant, a convicted felon before the 1971 sentence, had been sentenced by this Court for possession of gambling paraphernalia in 1971 to a term of two years. While this sentence was pending on appeal, the occasions arose leading to the conviction and four-year sentence now on appeal. Had the Court borne a prejudice as alleged against the Defendant, the Court might have sentenced the Defendant to as much as ten years and fined him as much as $30,000.00 for the offenses for which he was found guilty, 18 U.S.C. §§ 371, 1955. Indeed, had the Court believed the rumors about the Defendant as to his having bribed a black juror in his prior gambling trial, as to his having murdered two witnesses against him in another trial, and as to his family or his attorney's having threatened potential witnesses in the instant trial, the sentence in the instant case would almost certainly have exceeded four years. These rumors, while justifying the sequestration of the jury in order to preserve the integrity of the Court, do not arise to that degree of proof necessary to affect the substantive rights of the Appellant.

The conversation between Government attorneys and the Court outside the presence of Mr. Hornsby did not involve

the substantive rights of the Appellant, and no new evidence pertinent to substantial rights of the Appellant has been presented by Appellant's motion which justifies a rehearing. The application for leave to make a motion for new trial is

Ordered to be, and the same is hereby, denied.