[No. 8486–1–I.   Division One.   August 3, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. PERRY CASS GRIMES, *Appellant*.

---

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert S. Lasnik, Deputy,* for respondent.

WILLIAMS, J.—The State accused Perry Cass Grimes of second degree assault with intent to commit rape. Trial to the court sitting with a jury resulted in a judgment of guilty. Grimes' appeal from the judgment raises the sole issue of whether the court correctly ruled that if he testified in his own defense a prior conviction could be used to impeach his credibility. We affirm.

The case revolves upon the correct application of ER 609, which authorizes the introduction of the fact of a prior conviction punishable by death or imprisonment in excess of 1 year if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant". ER 609(a).

At the outset, defense counsel asked the court whether Grimes' 1979 conviction of taking a motor vehicle without the owner's permission, punishable by 5 years' imprisonment, would be introduced to impeach Grimes should he

testify in his own defense. Counsel wanted to know so that he could pose the proper questions to the prospective jurors on voir dire. The court ruled that the conviction could be used for impeachment purposes; Grimes did not testify.

In applying ER 609, the trial court

should have in mind that the only purpose of impeaching evidence is to aid the jury in evaluating a witness' credibility, including a defendant when he elects to take the witness stand. Its purpose is not to persuade the jury in a substantive manner.

. . . [A] major factor to be considered in the balancing procedure is a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction.

*State v. Alexis*, 95 Wn.2d 15, 18–19, 621 P.2d 1269 (1980).

■ Although this rule may seem to require the balancing of two imponderables, it simply means that the trial court must have wide discretion, while serving as the judicial fulcrum, in deciding whether to admit evidence of a prior conviction to impeach. The object of the trial is to find the truth. Cross–examination, which includes impeachment, is the "greatest legal engine ever invented for the discovery of truth", 5 J. Wigmore, *Evidence* § 1367 (1974). The jury's knowledge of previous criminal conduct, however, could have an adverse effect upon the criminal defendant's right to a fair trial, particularly where the evidentiary contest is the defendant's word against the victim's. The task is not an easy one.

In *State v. Alexis, supra,* the court set out seven factors the trial court might consider. Of course, there are many more, together with the inferences and nuances to be drawn from the myriad of facts of each case. In this case, the trial court did not have the benefit of the *Alexis* decision, but it did have before it the five criteria listed in *Gordon v. United States,* 383 F.2d 936 (D.C. Cir. 1967), *cert. denied,* 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421 (1968).

Defense counsel argues for a remand for further consideration by the trial court as was done in *State v. Alexis, supra,* and *State v. Moore,* 29 Wn. App. 354, 628 P.2d 522

(1981). In *Alexis,* the Supreme Court rejected the trial court's analysis that by self–deception and delusion every rapist becomes untruthful as to the facts. In *Moore,* a panel of this court found that the trial court made a "bald conclusion that the probative value outweighs the prejudice to the defendant." *State v. Moore, supra* at 365. Neither decision applies.

The record shows that the experienced trial judge recognized the conflict to be created by introduction of the prior conviction and carefully exercised his judgment within the accepted limits of discretion.

The judgment is affirmed.

CALLOW and CORBETT, JJ., concur.