**Reginald Danny SHAFER, Jr., Plaintiff,**

v.

**AMERICAN EMPLOYERS' INSURANCE COMPANY, Defendant.**

**Civ. No. 81-2027.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

March 18, 1982.

---

Robert S. Blatt and Stephen M. Sharum, Fort Smith, Ark., for plaintiff.

James M. Dunn, Warner & Smith, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

The current action was filed by plaintiff on March 3, 1981, pursuant to 28 U.S.C. § 1332, involving a direct action against the defendant, as insurer for Sebastian County, Arkansas, under Ark.Stat.Ann. § 66–3240. Plaintiff alleges that while he was an invitee in the Sebastian County Detention Center he slipped stepping out of a shower. Plaintiff contends that his injuries were proximately caused by the negligence of Sebastian County. As injuries, plaintiff alleges injuries to his back and legs. Plaintiff seeks damages for pain, anguish, past and future medical expenses, and past and future loss of income.

During the course of discovery, a conflict arose between plaintiff's testimony concerning his income for the years 1977 through 1980, and his income tax returns filed for those years.

On March 1, 1982, plaintiff moved this Court in *limine* to preclude the defendant from inquiring into plaintiff's tax returns during the trial of this matter. Defendant objects to the issuance of such an order in *limine*, and has moved to compel the production of same for discovery purposes. Subsequently, plaintiff filed a motion to strike that portion of his complaint seeking damages for loss of income, past and future.

Both parties rely upon Federal Rule of Evidence 608(b):

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the Court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Defendant relies upon *Gordon v. U. S.,* 383 F.2d 936 (D.C.Cir.1967), wherein the Court stated:

> In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity.

*Id.* at 940.

However, *Gordon* involved only evidence of prior criminal convictions, and did not arise under Rule 608(b). Thus, it cannot be controlling here.

Defendant further cites *Carter v. Hewitt,* 617 F.2d 961 (3rd Cir. 1980), for the proposition that

> When, however, the extrinsic evidence is obtained from and through the examination of the very witness whose credibility is under attack, as is the case here, we must recognize that the rule's core concerns are not implicated.

*Id.* at 967–70.

It is clear that plaintiff has not been convicted of any incidents stemming from his income tax returns for 1977 through 1980. Nor has he been arrested or investigated in this regard. As the Court declared in *United States v. Dennis,* 625 F.2d 782 (8th Cir. 1980):

> Although cross-examination about arrests without convictions is precluded, rule

608(b) would permit inquiry into the specific acts that may have led to the arrest if those acts related to *crimen falsi, e.g.,* perjury, subornation of perjury, false statement, embezzlement, false pretenses. *United States v. Kirk,* 496 F.2d 947 (8th Cir. 1974). The trial court did not err in precluding evidence of the arrest for tax problems, *because civil tax problems cannot be regarded as indicating a lack of truthfulness under this standard.* [emphasis added]

*Dennis, supra,* at 798.

Thus, this Court concludes that the proffered evidence of plaintiff's income tax returns and/or their inaccuracy are not probative of plaintiff's truthfulness or untruthfulness and are not sufficiently indicative of *crimen falsi* of the plaintiff.

Inasmuch as plaintiff has withdrawn his prayer for loss of income, it is doubtful that such evidence would be relevant to any issue in the case.

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed.R.Evid. 401. It is at best unclear as to how plaintiff's tax returns for 1977 through 1980 make the existence of liability or claimed damages more or less probable, and, as noted, they are not sufficiently indicative of *crimen falsi* to be relevant to plaintiff's truthfulness.

Further, this Court finds that any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice within the meaning of Rule 403. See Fed.R.Evid. 403.

Nevertheless, this is not to say that such cannot be inquired into or presented should plaintiff make loss of income an issue at trial. In such event, plaintiff's income tax returns would be relevant to the issue of damages, and defendant would not necessarily be restricted to inquiry upon cross-examination in presenting such information, as it would quite possibly be independently admissible as an admission under Rule

801(d)(2), as relevant non-hearsay evidence. However, this issue can best be resolved upon proper presentation and argument at trial, should the point arise. Suffice it to say that so long as plaintiff does not open the door, it will remain closed.

A separate order will be entered in accord with this memorandum opinion.