995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garry BLACKBURN, Defendant-Appellant.
 No. 92-1131.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1993.
 
 Before: GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction and sentence for aiding and abetting the commission of a bank robbery. The defendant contends that his conviction is invalid because of an abuse of discretion allegedly committed by the district court in allowing the government to cross-examine him about prior felony convictions. As to his sentence, the defendant contends that the district court erred in denying a request for a downward departure from the sentence range prescribed by the United States Sentencing Guidelines. Finding no merit in either contention, we shall affirm the conviction and the sentence.
 
 
 2
 * The defendant, Garry Blackburn, was indicted on a charge that he violated 18 U.S.C. § 2113(a) by aiding and abetting Edmond Rodzic, Jr., in robbing a bank. Rodzic, who had been indicted with Blackburn, eventually pleaded guilty and agreed to testify for the prosecution.
 
 
 3
 Mr. Blackburn decided to take the stand at trial and to admit his prior felony convictions on direct examination. (In 1981 he had been convicted on charges involving assault with intent to do great bodily harm and a felony firearm offense; his record also included a later conviction for escaping from prison.) Defense counsel moved on the first day of trial for an order in limine prohibiting the government from cross-examining Mr. Blackburn about the nature of the prior convictions. The motion was denied for the reason that "the probative value of the admission of this evidence to impeach the testimony of the defendant if he indeed elects to take the stand would outweigh any prejudicial effect to the accused." See Rule 609(a)(1), Fed.R.Evid.
 
 
 4
 The court agreed to give the jury a cautionary instruction regarding impeachment, and the defense was invited to submit such an instruction for the court's consideration. The defense failed to do so, however, and the court gave no cautionary charge at the time of the testimony.
 
 
 5
 In testifying on direct examination about his prior felony convictions, Mr. Blackburn said that his assault conviction arose out of a barroom brawl in which he discharged a gun in self-defense and hit someone in the foot. He said that his conviction for escaping from prison (a minimum security facility) stemmed from the refusal of prison officials to let him visit his hospitalized mother. On cross-examination the government established that the victim of the assault was a woman and that Mr. Blackburn did not return to prison voluntarily after visiting his mother.
 
 
 6
 In the charge it gave at the conclusion of all the evidence, the district court fully instructed the jury as to the limitations it was required to observe with respect to its use of the defendant's testimony about his prior felony convictions. There was no objection to this portion of the charge.
 
 
 7
 The jury returned a verdict of guilty. At the sentencing hearing, defense counsel moved for a downward departure from the guideline range (computed here at 51-63 months) on the ground of exceptional mitigating circumstances. The court denied the motion and sentenced Mr. Blackburn to imprisonment for 57 months. This appeal followed.
 
 II
 
 8
 Rule 609(a)(1), Fed.R.Evid., is a rule of inclusion, not exclusion. It provides that evidence of a witness' prior felony convictions "shall be admitted" for the purpose of attacking his credibility "if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused."
 
 
 9
 Whether to admit prior convictions for impeachment purposes is a matter committed to the discretion of the trial court. United States v. Meyers, 952 F.2d 914, 916 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992). Where the court has made an explicit finding that the probative value of the evidence substantially outweighs its prejudicial impact, the court may properly admit the evidence unless the finding represents an abuse of discretion. See United States v. Moore, 917 F.2d 215, 234 (6th Cir.1990), cert. denied, 111 S.Ct. 1590 (1991).
 
 
 10
 In Gordon v. United States, 383 F.2d 936, 940 (D.C.Cir.1967), cert. denied, 390 U.S. 1029 (1968), a case cited with approval in Moore, the court listed five factors that are relevant in Rule 609 determinations. Defendant Blackburn complains that the trial court failed to discuss these factors here. No binding precedent, however, required the trial court to do so. Moore noted that "[t]he hearing need not be extensive" and that "a brief recital by the government of the circumstances surrounding the admission of the evidence," followed by rebuttal by the defense "pointing out ... the possible prejudicial effect," should be sufficient. 917 F.2d at 234-35. "[W]hile we have taken notice of the Gordon test," as we said in Meyers, all we have actually held is that "in order to admit impeaching evidence of a prior conviction under Rule 609, a court must make an on-the-record finding based on the facts that the conviction's probative value substantially outweighs its prejudicial impact." Meyers, 952 F.2d at 916-17 (citing United States v. Moore, 917 F.2d at 234). That was done here.
 
 
 11
 Moreover, the trial court did take the teaching of Gordon into account. Among the Gordon factors are the existence of similarity between the past convictions and the charged crimes, the impeachment value of the prior crimes, the importance of the defendant's testimony, and the centrality of credibility as an issue. Gordon, 383 F.2d at 340. The district court dealt with several of these factors. A central issue at trial was which witness to believe, the defendant or Mr. Rodzic. Gordon reasoned that the prejudice is greater when the prior conviction was for a similar crime; a prior conviction for a dissimilar crime would be more readily admissible. 383 F.2d at 940. In the present situation the lack of similarity between the crimes for which Mr. Blackburn had been convicted earlier and the crime for which he was currently on trial, coupled with the prior conviction's lack of inflammatory aspects, ameliorated the prejudicial effect. The district court recognized this. Its analysis may not have been extensive, but it was not inadequate.
 
 B
 
 12
 Normally, of course, "a district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable." See United States v. Pickett, 941 F.2 411, 417-18 (6th Cir.1991), and the cases there cited. Mr. Blackburn argues that the record of this case suggests confusion on the part of the trial court as to whether the court had authority to depart downward in the absence of a motion by the government.[1] That being so, Mr. Blackburn asserts, the sentence is appealable as having been imposed in violation of law and as a result of an incorrect application of the guidelines. See 18 U.S.C. § 3742(a)(1) and (2). And because no motion by the government was required, Mr. Blackburn concludes, the district court could and should have departed from the guideline range on the basis of mitigating circumstances not adequately taken into consideration by the Sentencing Commission. See U.S.S.G. § 5K2.0.
 
 
 13
 We are not persuaded. In the first place, the record of the sentencing hearing as a whole shows that the district court did not deny the request for a "mitigating circumstances" departure because of a mistaken belief that a government motion was required; the court denied the request, rather, because of a well-supported belief that there were no mitigating circumstances sufficient to justify a departure. In the second place, as a practical matter, we have no reason at all to suppose that a remand might result in a departure being granted.
 
 
 14
 Defense counsel argued, at the sentencing hearing, that defendant Blackburn had been "induced" by Rodzic to commit the crime; that Blackburn had a substance abuse problem that might have clouded his judgment; and that he had been married in jail the previous day and had four children by that wife to support. The district court acknowledged that Mr. Blackburn was an addict whose ability to resist temptation was probably weak and that he did not rob the bank himself but was only the driver of the getaway car. After reviewing Mr. Blackburn's marital history and his neglect of his children, the court expressed "considerable pessimism" about his professed parental commitment. The court concluded by saying the it failed to see "any compelling reason or any reason at all, for that matter, for the Court to depart from the guidelines in this case." This conclusion echoed that set forth in the presentence report; under the heading "FACTORS THAT MAY WARRANT DEPARTURE," the probation officer who prepared the report entered a one word assessment: "None."
 
 
 15
 The fact that the district court sentenced the defendant to imprisonment for 57 months, a sentence at the midpoint of the applicable 51-63 month range, also undercuts the argument that the sentence was based on a misunderstanding of the law. Had the court believed that only the lack of a government motion stood in the way of a downward departure, the court would obviously have imposed a sentence at the bottom of the guideline range rather than a sentence at the middle of the range.
 
 
 16
 In any event, a remand for resentencing would be a hollow gesture here. The defendant has suggested no legitimate basis for a departure. Drug abuse or drug dependence is not a valid reason for imposing a sentence below the guideline range. See U.S.S.G. § 5H1.4. Family responsibilities are not ordinarily relevant. See U.S.S.G. § 5H1.6. See also United States v. Brewer, 899 F.2d 503, 508 (6th Cir.) (responsibility for young children will not justify departure where the circumstances are not exceptional), cert. denied, 498 U.S. 844 (1990). Those who participate in crimes as drivers are not automatically entitled to downward departures. See, e.g., United States v. Moreno, 899 F.2d 465, 471 (6th Cir.1990); United States v. Fitzwater, 896 F.2d 1009, 1012 (6th Cir.1990).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Thinking, apparently, of U.S.S.G. § 5K1.1, which authorizes departures "[u]pon motion by the government" where a defendant has provided substantial assistance in the investigation or prosecution of another person, the district court noted that "there's a dispute as to whether the court can depart downward from the guidelines absent a request from the government for a downward departure." Mr. Blackburn was not asking for a departure on the basis of § 5K1.1, however, so the court's comment was not pertinent to the case at hand