[No. A039608. First Dist., Div. Two. June 6, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
CECIL BURRELL WASHINGTON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976 and 976.1, California Rules of Court, the Statement of the Case, part I and the Disposition of this opinion are certified for publication.

COUNSEL

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Laurence K. Sullivan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

KLINE, P. J.—

### STATEMENT OF THE CASE

An information charged Cecil Burrell Washington, the appellant, with one count of forcible rape and a second count of assault with a deadly weapon, a wrench. (Pen. Code, §§ 261, subd. (2), 245, subd. (a)(1).)[1] The rape count additionally alleged that appellant was armed with a deadly weapon and inflicted great bodily injury on his victim, Linda S. (§§ 12022.3 and 12022.8.) The information further alleged a prior serious felony conviction for which appellant served a prison term. (§§ 667, subd. (a) and 667.5, subds. (a), (b) and (i).) Appellant pleaded not guilty and denied all the enhancement allegations.

A jury found appellant guilty of rape and simple assault. (§ 240.) It found that neither the deadly weapon nor great bodily injury allegation was true. At the separate court trial the priors were found true. The court sentenced appellant to the eight-year upper term for the rape, with a consecutive five-year term for the prior prison term. A six-month sentence for the assault conviction was stayed pursuant to section 654. This timely appeal followed.

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . .

---

[1] Further statutory references will be to the Penal Code unless otherwise noted.

*See footnote, *ante,* page 207.

DISCUSSION

I.

*The Trial Court's Handling of the Motion to Exclude The Priors Did Not Constitute Reversible Error*

Prior to trial appellant moved to exclude for purposes of impeachment evidence of three prior convictions: 1975 convictions for felony assault (§ 245) and rape and a 1984 conviction for embezzlement. The People opposed the motion for the reason, among others, that it was premature because it had not been established that appellant would take the stand. At a pretrial hearing in March before Judge W. Scott Snowden, who was originally assigned the case for trial, appellant agreed to defer the matter, but insisted upon his right to a ruling prior to trial. At a subsequent pretrial hearing in April before Judge Snowden, appellant again sought a ruling that the prior convictions—particularly the rape conviction, which was identical to the charged offense—were inadmissible. The People renewed their contention that the motion was premature because it was not clear either that appellant would testify or that the court's ruling would affect his decision whether to take the stand. The court rejected the People's argument, stating: "I think you are entitled to know, in advance of trial, what the ruling is going to be, so that you can make a determination as to whether your client is going to take the stand or not."

At a hearing on June 2d before Judge Herbert W. Walker, to whom the case had by then been reassigned for trial, the parties informed the court of the pendency of the motion to exclude. On June 4th, after considering the matter, Judge Walker stated that on the authority of *People* v. *Collins* (1986) 42 Cal.3d 378 [228 Cal.Rptr. 899, 722 P.2d 173] and *Luce* v. *United States* (1984) 469 U.S. 38 [83 L.Ed.2d 443, 105 S.Ct. 460], the court "is not going to make a decision with respect to this [motion] at this time, and will only make a decision following the Defendant's testimony in this case."

After trial commenced, but before the People rested, defense counsel presented additional legal argument on this issue, contending that the court in *Collins* did not adopt the language in *Luce* suggesting that a trial judge could defer ruling on the admissibility of prior convictions for impeachment purposes until after the defendant testified. Unpersuaded, the trial court reaffirmed its earlier ruling. The following day, in order to make certain that the record was clear, Judge Walker restated that he "was going to defer . . . ruling until such time as the Defendant ha[s] taken the stand and testified to this matter." Defense counsel made no further argument and appellant did not testify.

█ Preliminarily, we reject the People's claim that we cannot review the trial court's ruling because it was only tentative. The cases the People rely upon discuss waiver of issues due to the trial court's failure to rule and the moving party's failure to press for a dispositive ruling. (*People* v. *Hoover* (1986) 187 Cal.App.3d 1074, 1085 [231 Cal.Rptr. 203]; *People* v. *Alaniz* (1986) 182 Cal.App.3d 903, 907 [227 Cal.Rptr. 575]; *People* v. *Obie* (1974) 41 Cal.App.3d 744, 750 [116 Cal.Rptr. 283] (disapproved on another point in *People* v. *Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771]).) The fact that the trial court's denial of defense counsel's motion in this case was "without prejudice to the defendant renewing the motion at anytime" does not render the disposition tentative. The court clearly determined that it would not decide the impeachment issue until after appellant testified. Defense counsel's silence when the court invited subsequent resubmission of the question "does not disturb the finality of the trial court's ruling." (*Lozoya* v. *Superior Court* (1987) 189 Cal.App.3d 1332, 1340, fn. 5 [235 Cal.Rptr. 77].) Because the court below did not make a tentative ruling appellant can now raise the issue.

No California case explicitly addresses the propriety of postponing a ruling on a motion to exclude the use of prior convictions for purposes of impeachment until after a defendant testifies. It is clear, however, that such a postponement is unusual. In *People* v. *Delgado* (1973) 32 Cal.App.3d 242 [108 Cal.Rptr. 399] (disapproved on another point in *People* v. *Rist* (1976) 16 Cal.3d 211, 221-222 [127 Cal.Rptr. 457, 545 P.2d 833]), Justice Kaufman stated that "the time most appropriate for the motion to exclude evidence of prior convictions for impeachment purposes is at the close of the People's case in chief or thereafter *before the defendant takes the stand to testify*. [Citations.]" (*Id.,* at p. 252, italics added, fn. omitted.) Justice Kaufman went on to note that if in a particular case it is not obvious what the defendant's testimony would be and the trial court could not fairly evaluate the danger of undue prejudice without such testimony, the "defendant should testify to his version of the facts in an *in camera* hearing . . . and should he do so, such testimony would not be admissible in evidence for any purpose except for impeachment should defendant ultimately elect to take the stand and testify." (*Id.,* at p. 253, citing *Gordon* v. *United States* (D.C. Cir. 1967) 383 F.2d 936, 941.)[2] The conventional procedure described in *Delgado* derived from *People* v. *Beagle* (1972) 6 Cal.3d

---

[2] In *Gordon* then Circuit Judge Warren Burger emphasized that one of the "important consideration[s]" relevant to deciding whether to exclude prior convictions "is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions." (383 F.2d at p. 940.) Despite "the undesirability of prolonging the trial unduly," Judge Burger concluded that "the best way for the [trial] [j]udge to evaluate the situation is to have the accused take the stand in a non-jury hearing and elicit his testimony and allow cross examination before resolving the [admissibility] issue." (*Id.,* at p. 941.)

441, 453 [99 Cal.Rptr. 313, 492 P.2d 1], which listed the chance that the defendant will not testify as one of the four factors a trial court should use when weighing the relative prejudice and probative value of a prior conviction sought to be used for impeachment purposes. The Supreme Court later explained that although Proposition 8, as interpreted by *Castro*, abolished rigid post-*Beagle* rules about the trial courts' discretion over admissibility of prior convictions, *Castro* intended to "retur[n] to the view of [Evidence Code] section 352 taken in *Beagle,* i.e., that the four factors mentioned in that case should be considered as guiding rather than restraining the discretion of the trial courts in applying section 352 to prior convictions offered for impeachment." (*People* v. *Collins, supra,* 42 Cal.3d 378, 392, citing *People* v. *Castro* (1985) 38 Cal.3d 301, 308, 312 [211 Cal.Rptr. 719, 696 P.2d 111], fn. omitted.) *Collins* continued that "once the trial court has considered the four [Beagle] factors," it may take "into account any other circumstances . . . that may be relevant to the issue." (*Ibid.*) This should mean that a trial court must consider the effect of admission of priors for impeachment on a defendant's decision to testify, and must not force the defendant to testify before engaging in the discretionary weighing process mandated by *Castro. (People* v. *Castro, supra,* 38 Cal.3d at p. 312.) When a trial court postpones a ruling on a motion to exclude until after the defendant testifies it effectively ignores one of the four factors which, under *Beagle,* it is required to consider.

Requiring the trial court to rule on the admissibility of prior convictions before the defendant testifies is consistent with important considerations that go beyond adherence to the balancing test defined by *Beagle* and endorsed by *Collins.* ■ A defendant's right to testify on his own behalf is implicit in constitutional protections afforded criminal defendants. *Faretta* v. *California* (1975) 422 U.S. 806, 834 [45 L.Ed.2d 562, 581, 95 S.Ct. 2525] recognized this when it held that a defendant has the right to represent himself without an attorney's assistance: "The right to defend is personal." Just as the right *not* to have an attorney is part of the Sixth Amendment right to the assistance of counsel *(ibid.),* the right to testify must be implicit in the right to remain silent. ■ "The threat of impeachment by a prior felony conviction has significant coercive force when the witness' liberty is at stake." (*People* v. *Barrick* (1982) 33 Cal.3d 115, 129 [187 Cal.Rptr. 716, 654 P.2d 1243].) The state cannot force an attorney on an unwilling defendant; likewise, it should not be able to coerce silence.[3] Just as waiver of the

---

[3]The United States Supreme Court has held that the Fifth Amendment prohibits state courts from dissuading defendants from testifying. In *Brooks* v. *Tennessee* (1972) 406 U.S. 605 [32 L.Ed.2d 358, 92 S.Ct. 1891], the court declared unconstitutional a statute that required the defendant to testify before any other defense witnesses. In *New Jersey* v. *Portash* (1979) 440 U.S. 450 [59 L.Ed.2d 501, 99 S.Ct. 1292], the court held that the state court correctly determined that the Constitution prohibited the prosecutor from impeaching the

right to an attorney must be "'knowingly and intelligently'" made (*Faretta* v. *California, supra,* 422 U.S. at p. 835 [45 L.Ed.2d at p. 581]; citation omitted), a defendant cannot knowingly and intelligently assess the risks and benefits of presenting his side of the story without knowing whether the trier of fact will learn of his past crimes.

In many cases there is, as a practical matter, no need for the trial court to hear a defendant's testimony before making an informed determination as to whether a prior conviction will be more probative than prejudicial. After all, prior convictions relate to credibility. (Evid. Code, §§ 788 and 1101, subd. (c).) ■ The rationale for allowing them to be used for impeachment "must be that [they] may, somehow, be relevant to the witness' veracity" because they support an inference of "'readiness to lie.'" (*People* v. *Castro, supra,* 38 Cal.3d at p. 314, quoting *Gertz* v. *Fitchburg Railroad* (1884) 137 Mass. 77, 78.) ■ The probative value of a prior conviction with respect to a defendant's readiness to lie can be determined independently of his testimony in the present trial. The prejudicial effect can also be evaluated without hearing the defendant's testimony if, as is often the case, it is obvious what his testimony would be. In those cases in which the prejudicial effect cannot be determined without judicial knowledge of the nature of the defendant's testimony, the defendant could make an offer of proof or testify at an in camera hearing, as described by Justice Kaufman in *Delgado* and Justice Burger in *Gordon*. (See discussion, *ante,* at p. 212, fn. 3.)

Despite the foregoing reasons to require a trial court to rule on the admissibility of prior convictions before the defendant testifies, which seem to us compelling, we cannot impose such a requirement. Adopting language used by the United States Supreme Court in *Luce* v. *United States, supra,* 469 U.S. 38, our own Supreme Court declared that in order to balance the probative value of a prior conviction against its prejudicial effect the trial court "'must know the precise nature of the defendant's testimony, which is unknowable when . . . the defendant does not testify.'" The court also rejected the idea of substituting an offer of proof for the defendant's testimony, pointing out that a defendant's trial testimony "'could, for any number of reasons, differ from the proffer.'" (*People* v. *Collins, supra,* 42 Cal.3d at p. 384, quoting *Luce* v. *United States, supra,* 469 U.S. at p. 41, fn. 5 [83 L.Ed.2d at p. 447].)

Conceding that the California Supreme Court in *Collins* appears to have interpreted the United States Supreme Court's opinion in *Luce* as stating

---

defendant with testimony given before a grand jury under a grant of immunity. (But cf. *id.,* at p. 462, fn. 1 [59 L.Ed.2d at p. 512], conc. opn. of Powell, J. [constitution does not require that defendants be informed before trial about whether prior testimony can be used to impeach].)

that the trial court must hear the defendant's testimony in order to balance probative value against prejudicial effect, appellant insists that the paragraph in *Luce* to which *Collins* refers is unclear as to whether the court is discussing trial proceedings. We cannot agree.

The paragraph in question reads as follows: "A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), [of the Federal Rules of Evidence] which directs *the court* to weigh probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony which is unknowable when, as here, the defendant does not testify." (*Luce, supra,* 469 U.S. at p. 41 [83 L.Ed.2d at p. 447], fns. omitted, italics added.)

Emphasizing that, like *Collins, Luce* is primarily concerned with the problem of appellate review, appellant contends that the word "court" in the second of the three quoted sentences refers to the "reviewing court" mentioned in the first sentence. Appellant points out that the *Luce* court never really addressed the question whether a trial court could postpone a ruling on the admission of priors until after the defendant testified, and upheld an *in limine* ruling on the admissibility of prior convictions. Appellant's point is that it is only essential for purposes of appellate review that the defendant actually take the stand, and that such testimony is not essential in order for a trial court to make an informed determination under Evidence Code section 352.

The trouble with appellant's argument is that it is *trial courts,* not reviewing courts, that under section 352 and rule 609(a)(1) of the Federal Rules of Evidence must weigh probative value of a prior conviction against prejudice to the defendant. It is true that neither *Collins* nor *Luce* contains any genuine analysis of the issue whether a trial court should be permitted to postpone a ruling on the admissibility of prior convictions until after the defendant has testified. Nonetheless, we cannot help but conclude that the courts in both cases deliberately permitted such a postponement. While this is not the customary practice and in our view should not be encouraged, it would exceed our authority to hold that a California trial judge cannot do that which our own high court and that of the United States have manifestly authorized. (*Auto Equity Sales Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Accordingly, we find that the lower court's refusal to rule on appellant's motion to exclude until after he testified was not error.

II., III.*

· · · · · · · · · · · · · · · · · · · · · · · · · · ·

DISPOSITION

The judgment is affirmed.

Smith, J., and Peterson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 21, 1989. Mosk, J., and Broussard, J. were of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 207.