961 F.2d 218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecil Burrell WASHINGTON, Petitioner-Appellant,
v.
Eddie S. YLST, Warden, Respondent-Appellee.
 No. 91-16504.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecil Burrell Washington, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Washington contends that he is entitled to federal habeas relief because the trial court erred when it reserved a ruling on his motion to prohibit the use of his prior convictions for impeachment purposes until Washington actually testified. This contention lacks merit.
 
 
 4
 A writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (citation omitted), cert. denied, 478 U.S. 1021 (1986). Although it is not a customary practice, in California a trial judge has the discretion to reserve a ruling on the admissibility of a defendant's prior convictions until the defendant has testified. See People v. Washington, 259 Cal.Rptr. 307, 311 (Cal.Ct.App.1989). "[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce v. United States, 469 U.S. 38, 43 (1984).
 
 
 5
 Here, Washington fails to state a claim that would entitle him to federal habeas relief. The California courts held that the trial court acted within its discretion when it reserved a ruling on Washington's motion because it was not clear that Washington would testify or that the government would seek to use Washington's prior convictions to impeach him. Washington, 259 Cal.Rptr. at 311. Washington's claim that the trial court violated California law is not cognizable in a section 2254 petition. See Middleton, 768 F.2d at 1085. Moreover, because Washington did not testify at trial, he did not preserve his claim for review. See Luce, 469 U.S. at 43.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3